## Levinus Lansing *against* Thomas M'Killip.

*If two consi-
derations, both
of which are
good, be alleg-
ed as the
ground work
of a special a-
greement re-
duced to writ-
ing, both must
be proved as
laid, though
the instrument
say for "value
"received."*

ASSUMPSIT, on a special agreement, in consideration of a horse, and divers goods and merchandizes, to deliver, *for value received*, forty dollars worth of merchantable boards.

At the trial, the plaintiff adduced the subscribing witness to the note, who testified that the horse was the only consideration. Upon this, the defendant moved for a nonsuit, insisting that the plaintiff was bound to prove all the several considerations, as laid. The judge, ruling to the contrary, charged in favor of the plaintiff, for whom the jury found. The application now was to set aside that verdict.

*Crary*, for the defendant. If a promise be made on two considerations, proof of one only cannot establish it; for it is to be presumed that the *assumpsit* was founded on both. *Leneret* v. *Rivet, Cro. Jac.* 503, cited, *Esp. Di.* 133. It is immaterial whether they be both good. *Bradburne* v. *Bradburne, Cro. Eliz.* 149, cited, *Esp. Di.* 139. The necessity of making the proof correspond with the declaration, is shown in *Bristow* v. *Wright, Doug.* 666. The form of the pleadings

substantiate the same principle; each consideration must be averred, and it is a settled rule, that you must prove your averment.

*Foote*, contra. It was not necessary to state, or prove any consideration. The instrument says, " for value received."

*Crary* in reply. In cases of promissory notes, and bills of exchange, the position may be correct. But even there it has been doubted. *Kyd, on bills*, 61, 2. The present is not a negotiable instrument, and therefore not within the rule.

SPENCER, J. If the averment of a consideration on a note like the one in this case, was necessary, then the plaintiff by averring a consideration which did not exist, has failed in his proof; for if two considerations be alleged, as the foundation of a promise, both must be proved. *Cro. Jac.* 503. *Esp. Dig.* 133, 9. If, however, the admission of value by this paper, is of itself sufficient, then the averment of a consideration would be surplusage, and might have been struck out on motion, and therefore cannot vitiate.

That the present is not a promissory note within the statute will not be disputed; it is therefore a promise which can only be enforced on the ground of a consideration; and though value is admitted to be received, it does not supersede the necessity of averring the consideration, that the court may see that it is of that kind and nature to sustain the promise. Prior to the statute of 3d. and 4th. *Ann. ch.* 9. no action could be maintained expressly on a note, even for the payment of money, without declaring on it as a special agreement, and setting forth the consideration. The case of *Carlos* v. *Fancourt*, 5 *D.* & *E.* 482. contains the whole law on this subject; and there the court unanimously held, that in declarations on notes not within the statute, they were to be regarded as special agreements, and the consideration was necessary to be set out. In my opinion, the defendant is entitled to a new trial.

THOMPSON, J. It is not pretended that the instrument in writing, which was given in evidence, is a note within the statute. And if not, I apprehend, the terms *for va-*

*lue received*, contained in it, will not, of themselves, imply a consideration, but that a consideration must be averred and proved. It is a general rule, that when a special agreement is the foundation of the action, and that agreement stated in the declaration, the contract must be proved as alleged. The plaintiff having averred two considerations, his proof ought to have squared with it. In the case of *King*, v. *Robinson*, *Cro. Eliz.* 79, the court went much farther, and said, that if the promise alleged, be proved, yet if it appear to have been made on a different consideration than the one stated in the declaration, it will not support the action.

Where all the considerations alleged are good, all must be proved, for the promise shall be deemed to be founded on all these considerations. *Cro. Eliz.* 759. *Esp. Dig.* 139. I am therefore of opinion, that the proof was defective, and that the plaintiff ought to have been nonsuited on the trial. The verdict must of course be set aside.

Kent, C. J. This being an action of *assumpsit* upon a special agreement, it was necessary to state a consideration, and the plaintiff has accordingly stated, that the consideration for the defendant's promise, was *a horse, and divers goods and chattels, sold to him by the plaintiff*.

If a plaintiff allege several *good* considerations, they must all be proved, for the promise shall be deemed to be founded on both considerations taken together. The promise to pay, in the present case, boards to the value of $40, was founded, not singly upon the sale of the horse, (and which we must presume was not estimated at that value,) but upon the sale of divers goods and chattels, as distinct articles from the horse, and which, when added to the value of the horse, amounted to the full consideration of $40. This rule appears to have been long ago settled, and repeatedly recognized. In *Tisdale's* case, *Cro. Eliz.* 758, the court of C. B. held, that where a consideration consisted of two or three parts, and every one of them was valuable, the plaintiff was bound, of necessity, to show the performance of every part thereof. And in the case of *Coulston* v. *Carr*,

Cro. Eliz. 847, the K. B. agreed, that if two considerations be alleged, and one of them be found false by the jury, the action fails. So again in the case of *Leneret v. Rivet*, Cro. Jac. 503, the K. B. ruled, in arrest of judgment, that if the plaintiff declare on two considerations, he must make a good and sufficient averment of the performance of both. The only exception to this rule is, where both considerations are not good, but one of them insufficient or frivolous, Cro. Eliz. 149, 848. But that distinction can have no application to the present case, as the sale of the horse, and of divers goods and chattels, are considerations equally valid. The verdict, therefore, must be set aside for misdirection of the judge, with costs to abide the event.

TOMPKINS, J. concurred.

LIVINGSTON, J. This action being brought on a note by which the defendant acknowledges his having *received value* for the promise he makes, it was not, in my opinion, necessary to prove any consideration, nor should the defendant have been permitted to shew that it was incorrectly set forth, unless he were able to impeach it on the ground of fraud, turpitude, or illegality. It is superfluous, as well as dangerous, to require proof of the consideration of an undertaking in writing, when a *valuable one* is acknowledged, under the signature of the party himself. It is asking what rarely can be complied with. How seldom is it that the whole consideration appears on the face of a contract; or that even a subscribing witness knows any thing of it; or if he did, how easily might it escape the memory, or such proof be lost, by death, or other accident? So long then, as it is permitted to set up any unlawful consideration, it is all that can reasonably be asked, and no one can complain that his own acknowledgment is regarded as evidence, at least, *prima facie*, of one that is fair and valuable. The motion to nonsuit, was therefore properly overruled by the chief justice; for here was not only a consideration acknowledged under the defendant's hand, but his receipt of a horse actually proved. Under these cir-

NEW-YORK, cumstances, it would be doing great injustice to listen to
Nov. 1805. the present application, merely because an additional con-
sideration alleged in the declaration, which may be regard-
ed *as surplusage*, and the want of which constituted *no de-
fence*, could not be proved, or was disproved. No case has
yet gone this length, and I should require a series of de-
cisions to satisfy me of the propriety or necessity of so
much strictness. The case of *Bristow* v. *Wright*, * is very
different from the present. There the demise proved, va-
ried from the one stated in the declaration. That is, the
contract itself and not merely its consideration, was erro-
neously set forth. The case of *Leneret* v. *Rivet*,† cited from
*Croke*, settles nothing more than that if two good considera-
tions are alleged as conditions, *precedent* to the defendant's
liability, performance of *both* must be averred, which is too
reasonable to have wanted the support of any authority.
In *King* v. *Robinson*,‡ it was proved that the defendant as-
sumed to do what was alleged, and *something more*. This
too, presents the case of a variance between the contract
laid and the one proved, and not only between the motives
to it as alleged and proved. The note of this case in *Espi-
nasse*,§ is incorrect. I know not of a single decision, ren-
dering it necessary, on a contract of this nature, to prove
a consideration. We are not now examining whether a
nude pact, evidenced by writing, has ever been held to be
bad; but whether, which is a very different question, a
promise in writing, acknowledging the *receipt of value*, shall
not, *prima facie*, be sufficient to support an action without
proof of its actual consideration. I know it to be a general
and wholesome principle, that contracts must be made on
some consideration, and that *ex nudo pacto non oritur actio;*
but the question still recurs, who is to prove, in a case of
this kind, the nakedness of the contract, or its want of
consideration? The same law, which requires this *quid
pro quo* in a contract, does not demand an absolute equi-
valent, but is satisfied in many cases, with the most trifling
ground that can be imagined. Why not then be content
in point of evidence, with a declaration under the hand of

Lansing
v.
M'Killip.

* Doug. 640.

† Cro. Jac. 503.

‡ Cro. Eliz. 79.

§ Esp. N. P.
139.

the party, that he has received a *valuable one*, without in-
dulging the useless curiosity of prying further into the
transaction? Why so very careful of a defendant's rights Lansing
as not to suppose him capable of judging for himself, what v.
M'Killip.
was an adequate value for his promise? Would it not be
more just, and better promote the ends of justice, that one,
who had signed an instrument of this kind, should, with-
out further proof, be compelled to perform it, unless he
could impeach the validity on other grounds? It may be
said that whoever asks the interposition of a court, must
show a right to recover, founded on a valid contract. This
is not denied, but does not settle the way in which this
proof is to be made, whether the defendant's acknowledg-
ment of value received shall be regarded as sufficient, or
what other evidence shall be required. Of specialties,
the considerations we know are not inquirable into, in ac-
tions founded on them. And yet the reason assigned by
*On Cont.
*Powell*, for excluding this investigation, applies to all bar- 333.
gains in writing. In a specialty says he, " there is a sufficient
" consideration apparent, namely, *the deliberate will* of the
" party who made the deed." Does the mere absence of
a seal, require us to believe that this *deliberate will* does
not exist in other written contracts? The truth is, that lit-
tle or no deliberation intervenes between signing and de-
livering a deed. They generally take place, as near as two
distinct things can, in the same instant. This deliberation
then being formed, antecedently to a delivery and even sig-
nature of a deed, ought, on the ground of reason alone, to
be evidence of a consideration, as much in the one case as
in the other. But without disturbing any of the distinc-
tions, which for ages have existed between these contracts,
no adjudged case can be found repugnant to my conclusion.
That no actions were maintainable on promissory notes
at common law, where, however, they were regarded as
evidence of debt, on counts for money had and received
against the maker, is admitted. This establishes what is
not controverted, that notes like these must be declared on
as special contracts, and their consideration set forth; but

NEW-YORK,
Nov. 1805.

Lansing
v.
M'Killip.

*5 D. & E. 482.

we are still at liberty to settle what shall amount to proof of them. In the case of *Carlos* v. *Fancourt*,* I will only say, that nothing like the present question occurred. The plaintiff had declared on a note of hand, payable on a certain contingency, as on a note within the statute of *Anne*, and that it was not so, was the single point determined. No latitude of expression, therefore, in which the judges may have indulged òn points not before them, could have the effect of settling the law, even in England. Unfettered, then, by any decision, as to what shall be received *as evidence of the consideration*, of notes of this description, I have little hesitation in saying, that it ought never to be necessary to prove the consideration of a contract, although stated in the declaration, where a party has acknowledged in writing that it was made *for value*, in any other way than by a production and proof of the instrument itself; and that the defendant ought not to be allowed to shew that it was made on any other, unless it be of a nature to destroy, or in any manner affect its validity. This is no more than is done in actions of trover, in which, although a loss and finding be alleged in a declaration, proof of neither is required; where then the extravagance of alleging any legal consideration to comply with the usual form of declaring, and letting it be inferred from the production of a note which admits on its face a valuable one ? Good sense would suggest the propriety of going further, and saying that *such a note* might be declared on as a specialty, without alleging any consideration, only leaving to the defendant the same right of investigating its legality, or failure. Such an innovation, however, in the form of declaring, should not be introduced without much deliberation on the consequences it might produce. The plaintiff is, in my opinion, entitled to the *Postea*.