## Jackson, *ex dem.* Hudson and Chapman, *against* Alexander and others.

The words, '*for value received,*' in a deed, import a sufficient consideration, to raise a use to the bargainor, under the statute of uses : and the words, '*make over and grant,*' in a deed, are sufficiently operative to convey lands, by way of a use.

THIS was an action of *ejectment*, for lot no. 68. in the town of *Milton*, in the county of *Cayuga*. The cause was tried before Mr. Justice *Spencer*, at the *Cayuga* circuit, on the 1st *July*, 1808. On the trial, the plaintiff gave in evidence an exemplification of a patent,(a) dated the 8th *July*, 1790, granting the lot in question to *Joseph Brown*, for his military services, and a writing executed by *Brown*, in the following words :

(a) By the act of the 6th *April*, 1790, letters patent are directed to be issued in the names of those who served in the army of the *United States*, and are made to relate back and vest the lands in the grantees, their heirs and assigns, from the 29th *March*, 1783 ; and all intermediate grants and dispositions made by the soldiers are declared to be as valid and effectual, as if the letters patent had issued on the 29th *March*, 1783. (*Greenleaf's* edition laws of *N. Y.* v. 1. p. 353.)

" For value received of *Daniel Hudson & Co.* I hereby
make over and grant for myself, my heirs, and executors,
unto the said *Daniel Hudson & Co.* his heirs and assigns,
my right and claim on the public for 600 acres of land.
Witness my hand and seal, this 7th day of *May*, 1784.

*Joseph Brown.*   (L. s.)

In presence of
    *Solomon Coures.*
    *John Dolson.*"

A verdict was taken for the plaintiff, subject to the opinion of the court, on a case containing the above facts; and it was agreed, that if the court should be of opinion, that the instrument in writing from *Brown* to *Hudson*, one of the lessors of the plaintiff, was a sufficient conveyance of the premises in question, then judgment was to be entered for the plaintiff, otherwise the verdict was to be set aside, and a nonsuit entered.

The cause was submitted to the court without argument.

Spencer, J.   There was no proof of a payment, or security given for the payment, of any consideration by *Hudson* to *Brown* ; and the question is, whether the instrument stated in the case, conveyed the land to *Hudson*. In my opinion it did not. This instrument cannot have any operation, unless as a bargain and sale, under the statute of uses. In *Mildmay's* case, (1 *Coke*, 176.) this point was decided, and it was held, " that a use cannot be raised by any covenant or proviso, or by any bargain and sale, upon a general consideration ; and, therefore, if a man, by deed indented and enrolled, according to the statute, for *divers good considerations*, bargains and sells his lands to another, and his heirs, *nihil operatur inde*, for no use shall be raised on such good consideration, for it doth not appear to the court that the bargainor hath *quid pro quo*, and the court ought to judge whether the consideration be sufficient, or not ; and that cannot be when it is alleged in such generality." This decision has not been overruled ;* but on the contrary, it is cited

* *Vide* 1 *Lev.* 170.  2 *Roll. Abr.* 786.

NEW-YORK,
Nov. 1808.

Jackson
v.
Alexander.

* Sand. 340 a.
† 2 Bl. Comm.
296.

‡ 3 Caines, 287.

with approbation by Mr. *Sanders,** in his treatise on uses and trusts. In *Mildmay's* case, as also in *Sanders*, it is admitted that a consideration may be averred and proved, and if so, then that it will be sufficient to raise the use in the bargainee. *Blackstone,*† in his commentaries, lays down the law to be, " that a deed or other grant, made without any consideration is, as it were, of no effect, for it is construed to enure, or to be effectual only, to the use of the grantor himself." The learned Mr. *Christian*, in his note upon the text of *Blackstone*, says, that he conceives this to be true only of a bargain and sale, and cites *Sheppard's Touchstone*, p. 221. to establish the difference between a bargain and sale, and a gift ; and, according to him, " the latter may be without any consideration or cause at all, but the former hath always some meritorious cause moving it, and cannot be without it."

That the words *for value received*, have a more extensive meaning, or import a consideration with more certainty, than the words, for *divers good considerations*, can scarcely be pretended. Indeed it has been settled in this court, in the case of *Lansing* v. *M'Killip*,‡ that the words *value received*, in a note, not within the statute, did not import such consideration as would support the promise, but that the consideration must be set forth. And *non constat*, but that something altogether without value, and against law, was the real consideration.

The position so frequently met with in the books, that every deed imports a consideration, is true only with respect to such deeds as are sought to be enforced as between the parties. Deeds conveying lands stand on different grounds, and have principles peculiar to themselves ; and I cannot admit, that the instrument under consideration declares the use to *Hudson*, and that, therefore, a consideration is not necessary ; for it is impossible to conceive a more bald and naked deed, (if it deserves that appellation,) in all its provisions.

It may, perhaps, be said, that the want of a precise consideration in the deed, is mere matter of form, and that,

had this deed been pleaded without any averment as to the consideration, the omission could have been taken advantage of only by a special demurrer, and would have been good on a general demurrer. This brings the question back to the point, whether it is essential to the validity of a deed that it should either express a consideration or that that one should be averred and proved. From the authorities already cited, it appears that a consideration is not matter of form, but of substance. Other cases may be added to the same effect. (1 *Lev.* 170. *Moore,* 569. 1 *Mod.* 262. 2 *Mod.* 249.) There is some diversity in the books, whether even a verdict would cure the omission of an averment of a consideration ; the latter adjudications are that it will. (1 Lord *Raym.* 111. 2 *Str.* 1228. 1 *Wils.* 91.) If a verdict will cure such omission, it is on the well established principle, that it being essential to the validity of the deed, that a consideration be proved, after verdict it will be intended : and the omission does not evince a defective title, but a title defectively set forth.

In the case of *Bolton* v. *The Bishop of Carlisle,\** the court seemed to think, that such a defect was only to be taken advantage of on a special demurrer, on the principle that it was a matter of form. On this decision I have no other observation to make, but that it is since our revolution, and contrary to all the cases on the subject.

THOMPSON, J. This case has been submitted without argument, and the question presented for our decision is, whether the instrument in writing given by *Joseph Brown* to *Daniel Hudson,* be sufficient to convey the title to the premises in question. The want of any consideration either expressed on the face of the instrument, or proved at the trial, is the principal objection to its operation. All deeds by which land may be conveyed, derive their effect from the common law, or from the statute of uses. It cannot be pretended that this instrument can take effect as a common law conveyance, either original or derivative. (4 *Cruise, on Real Property,* 100.) If it is to have

NEW-YORK,
Nov. 1808.

Jackson
v.
Alexander.

\*2 *H. Black.* 261.

any operation, it must be as a bargain and sale, by virtue of the statute of uses. That statute has given rise to several new forms of conveyance, which operate contrary to the rules of the common law. It is a general rule of the common law, that it is not absolutely necessary, that a consideration should be expressed in a deed. The thought and deliberation, which was supposed to attend the making and executing of deeds, rendered them valid, without any consideration expressed. Soon, however, after the chancellors had assumed a jurisdiction in cases of uses, they adopted the maxim of the civil law, " *ex nudo pacto non oritur actio*," and in conformity to it, they determined not to lend their aid, to carry any deed into execution, unless it was supported by some consideration. (4 *Cruise*, 24.) Hence it has become a universal rule, that a use cannot be raised without a consideration ; and a bargain and sale, being merely a conveyance of a use, it cannot be effectual without a consideration, which must be valuable, for the very name of the conveyance imports a *quid pro quo*. (1 *Co.* 176 *a.* *Sanders, on Uses,* 340. 2 *Inst.* 671. 4 *Cruise*, 173—8.) That a consideration is requisite to raise a use, is a principle recognised by almost every elementary writer on the subject ; and has been repeatedly sanctioned by adjudged cases. The expression of Sir *Wm. Blackstone*, (2 *Comm.* 296.) may be too broad when he says, that a deed or grant, made without any consideration, is of no effect, and is to be construed to enure, or be effectual only, to the use of the grantor : Yet professor *Christian*, in his note on this passage, admits this position to be true with respect to a *bargain and sale*. Baron *Comyns*, also, says, that a bargain and sale of land, whereby a use arises, ought to be made upon a valuable consideration, otherwise no use arises ; and the consideration must not be too general, but must import a *quid pro quo*. (2 *Com. Dig.* 6. 3 *Com. Dig.* 275—7.) We find the same principle recognised by the late editor of *Bacon's Abridgment*, (1 *Bac. Abr.* 496. *Shep. Touch.* 220.) It is there said, that by a bargain and sale of land no use arises, unless there be a consideration of money ; for selling, *ex vi*

*termini*, supposes the transferring a right of something, for money, and if there be no such consideration, it may be an exchange, a covenant to stand seised, a grant, &c. but can be no sale within the statute. The judgment of the court, in *Mildmay's* case, (1 *Coke*, 176.) was governed by the same principles ; and in *Doe*, ex dem. *Milburn*, v. *Salkeld*, ( *Willes*, 675.) Lord Ch. J. *Willes*, in delivering the opinion of the court, upon the nature and operation of a deed, set forth in the case, observes, it cannot be considered as a bargain and sale, because there was *no money consideration*.

In the case of *Ward* v. *Lambert*, (*Cro. Eliz.* 394.) the deed recited, " that whereas *I. S.* was bound in a recognisance, and other bonds for him, he for *divers good considerations*, bargained and sold the land to him and his heirs ; and this was held not to be a good bargain and sale. The court said, that in every bargain and sale there ought to be a *quid pro quo ;* but the vendor there had nothing for his land, and, therefore, it was void. If a man give land, or bargain and sell land to his son, no use arises thereby. If, then, a *valuable consideration* be necessary to raise a use, the next question will be, whether the instrument before us, upon the face of it, imports the consideration required in a bargain and sale, under the statute of uses. If it does, it must arise either from the internal force of the words, "*for value received*," or by virtue of the seal. A valuable consideration is defined in the books, to mean money, or any other thing that bears a known value. (4 *Cruise*, 24.) This court, in the case of *Lansing* v. *M'Killip*, (3 *Caines*, 288.) considered the words *for value received*, of little force and importance of themselves, towards making out a consideration. Independently of that decision, however, I cannot discover more efficacy in these words than in many others which have been used in instruments, that have been adjudged inoperative as bargains and sales. All the cases I have cited to show the necessity of a consideration, plainly indicate, that if it is to be inferred from the face of the deed, it ought to be

so expressed as necessarily to import value. It must not, in the language of Baron *Comyns*, be too general. It seems to me, that as much may be inferred from the word *consideration*, as the word *value*. And it has repeatedly been adjudged, that an acknowledgment of the receipt of a *consideration generally*, was not sufficient. Although this may have the semblance of a technical nicety, incompatible with the broad principles of justice, yet the rule appears to me to be too firmly established to be overturned. Many of the common law principles applicable to other contracts, cannot be applied to bargains and sales under the statute of uses.

In *Mildmay's* case, and also that of *Ward* v. *Lambert*, before referred to, the words *divers good considerations*, were considered insufficient to raise a use, being but *general parlance*, *implying nothing*, unless express considerations were shown ; for otherwise none would be intended. So in *Fisher* v. *Smith*, (5 *Vin. Abr.* 406. *note.*) the court were clear, that if one pleads a bargain and sale in which no consideration of money is expressed, then he ought to supply it by an averment that it was for money ; and that the words for *divers good considerations* shall not be intended for money, without an averment ; but if the deed expresses, for a competent sum of money, it is sufficient, without showing the certainty of the sum ; and none shall say that no money was paid ; for against this express mention in the deed, no averment that no money was paid shall be admitted. An acknowledgment in the deed of the receipt of money, *ex vi termini*, imports value, and the amount of the consideration is immaterial. It has been repeatedly ruled that, if in pleading a bargain and sale, no valuable consideration is shown, it will be ill on demurrer. In many cases the verdict has been deemed to cure this defect, which must have been on the ground, that after verdict, the consideration is presumed to have been proved on the trial. (1 Lord *Raym.* 111. 1 *Wils.* 91. 2 *H. Black.* 261.) From all the cases referred to, it is evident that the court did not consider the *seal, as virtually* importing the requisite con-

sideration; for the instruments, although under seal, were deemed inoperative, as bargains and sales. It would have been competent for the plaintiff, in the present case, to have proved a consideration paid, (5 *Vin.* 507.) which, in my opinion, would have made the deed effectual to transfer the title; the word *grant* being sufficient to pass the land by way of use. (2 *Mod.* 253.) Under this view of the case, I should be inclined to grant a new trial, to give the plaintiff an opportunity of producing this proof, if in his power, without the expense of a new action ; but according to the stipulation in the case, a judgment of nonsuit, in my opinion, ought to be entered.

KENT, Ch. J. I am of opinion that the deed from *Brown* to *Hudson* was sufficient to convey his interest in the premises.

I agree that the deed, if it operates at all, must operate as a bargain and sale under the statute of uses.

At the common law, a feoffment or lease was valid, without any consideration, in consequence of the fealty or homage which was incident to every such conveyance. The law raised a consideration out of the tenure itself. But after the statute of *Quia Emptores*, (18 *Ed.* I.) *Perkins* says, that a consideration became requisite even to the validity of a feoffment, as none could be implied, since, according to the statute, no feudal duty or service resulted to the immediate feoffor. (*Perkins*, sect. 528—537.) The general, and the better opinion is, that the notion of a consideration first came from the court of equity, where it was held necessary to raise a use ; and when conveyances to uses were introduced, the courts of law adopted the same idea, and held that a consideration was requisite in a deed of bargain and sale. This new principle in the doctrine of assurances by deed, met, at first, with a very strong resistance from the ablest lawyers of the age. *Plowden*, in his argument in the case of *Sharington* v. *Stroffen*, (1 *Plowden*, 308, 309.) which arose upon a deed under the statute of uses, contended, with great force of reason and authority, that a deed, which

was a solemn and deliberate act of the mind, did of itself import a consideration ; that the will of the grantor was a sufficient consideration, and it never could be called a *nudum pactum.* Lord *Bacon,* in his reading on the statute of uses, takes notice of this argument of *Plowden,* and gives it the weight of his sanction. " I would have one case showed," said he, "by men learned in the law, where there is a deed and yet there needs a consideration. As for *parole,* the law adjudgeth it too light to give an action without consideration ; but a deed, even in law, imports a consideration, because of the deliberation and ceremony in the confection of it ; and, therefore, in 8 *Reginæ,* it is solemnly argued that a deed should raise a use without any other consideration." (*Bacon's Works,* v. 4. p. 167.) But notwithstanding this strenuous opposition, the rule from chancery prevailed, and it has been long settled, that a consideration expressed or proved, was necessary to give effect to a deed of bargain and sale. I am not going to attempt to surmount the series of cases on this subject, though I confess myself a convert to the argument of *Plowden.* I admit the rule that a consideration is necessary to a conveyance to uses, but I think that here is evidence of a consideration, appearing on the face of the deed before us, sufficient to conclude the grantor, and to give effect to it as a bargain and sale.

The rule requiring a consideration to raise a use, has become merely nominal, and a matter of form ; for if a sum of money be mentioned, it is never an inquiry whether it was actually paid, and the smallest sum possible is sufficient: nay, it has been solemnly adjudged, that a pepper-corn was sufficient to raise a use. (2 *Vent.* 35.) Since, then, the efficacy of the rule is so completely gone, we ought, in support of deeds, to construe the cases which have modified the rule, with the utmost liberality.

The deed in the present case states, that *for value received of the grantee, he doth grant,*" &c, and can it now be permitted to the grantor to say there was no value received? *Value received* is equivalent to saying, money

was received, or a chattel was received. It is an express averment, *ex vi termini*, of a *quid pro quo*. In *Fisher* v. *Smith*, (*Moore*, 569.) there was a bargain and sale for *divers considerations*, and it was held not to be enough, without an averment, that it was for money. " But if the deed express for a *competent sum of money*, this is sufficient without mentioning the certainty of the sum, and against this express mention in the deed, no averment or evidence shall be admitted to say that no money was paid." All the cases that I have examined which say that a general consideration is not sufficient, are cases in which the words in the deed were for *divers good considerations*. I have not met with any case which goes so far as to say, that an averment in the deed of *value received by the grantor*, was not sufficient. It is said, in 2 *Roll. Abr.* (786. pl. *n.*) that " an averment that a bargain and sale was in consideration of money or other valuable consideration given, was sufficient." If the words had been for money received of the grantor, then the deed would have fell exactly within the decision in *Moore*, and would have been good, according to the admission in all the books. I cannot perceive any essential difference between the two averments ; *value received* does, in judgment of law, imply money, or its equivalent. The grantor must be estopped by this express averment in his deed. He admits not only a value, but a value received from the grantee ; and if we will not intend this value to be something valuable, or equal to a competent sum of money, we seem not to construe charters as they did in the case of *Fisher* v. *Smith*, and as the law axiom requires them to be examined, *benignly, and in support of the substance*. The statute of 9 and 10 *Wm.* III. c. 17. regards those words of so much import, that if a bill contains them, the holder is then entitled to recover interest and damages against the drawer and indorsor ; and in *Cramlington* v. *Evans*, (1 *Show.* 4. *Carth.* 5.) Lord *Holt* laid great stress on these words. " If the drawer," he says, " mention *for value received*, then he is chargeable at common law ; but if no such mention is made, then you must

come upon the custom of merchants only." I mention these authorities only to show that these words mean something; and that in certain cases, at least, the law has attached the meaning of real actual value to the averment of value received, and that in those cases, it has been considered as equivalent to saying for money received.

The law from the beginning has been very indulgent in helping out deeds, on the ground of consideration. If no consideration be expressed, one may be averred in pleading, or proved upon the trial. (*Mildmay's* case, 1 *Co.* 175. *Fisher* v. *Smith*, *Moore*, 569.) In pleading a bargain and sale, in which no consideration is expressed, it was held, (in *Smith* v. *Lane*, *Moore*, 504.) that the bargainee need not aver payment of money, because it was implied. This was afterwards held otherwise; but it has been lately held by the court of C. B. (2 *H. Black.* 259.) that this averment was but matter of form, and the omission of it cured, on a general demurrer. This last decision seems to have almost done away even the form of the old rule, for it can hardly be necessary to prove upon trial, under the general issue, a fact which is matter of form, and not of substance. A plaintiff is bound to prove only what would be considered as material averments, and matters which go to the substance of the action.

But I place my opinion on the ground that the deed contains a sufficient averment of a consideration, to estop the grantor, and to give the deed operation, under the statute of uses. I am not apprized of any case which is an authority against this conclusion. In *Lansing* v. *M'Killip*, (3 *Caines*, 286.) two of the judges intimated that *value received* did not supersede the necessity of averring, and proving a consideration in a special agreement; but another of the judges went largely into the support of a contrary opinion. The case, however, was not decided upon that ground, but upon another, viz. that where the plaintiff alleges two good considerations in his declaration, he must prove them as laid.

The next point in the case is, whether the words " make over and grant," be sufficient to convey *Brown's* interest in the land. The word *grant* has been held sufficient to pass lands by way of use. (2 *Mod.* 253. *T. Raym.* 48.) Though in its original meaning, the word applied only to a conveyance of incorporeal hereditaments, which could not pass by livery of seisin, yet in conveyances under the statute of uses, it is sufficient, if the granting words are competent to raise a use ; for the statute then performs the task of the ancient livery of seisin.

My opinion on both points, accordingly, is, that the plaintiff is entitled to judgment.

VAN NESS, J. and YATES, J. were of the same opinion.

Judgment for the plaintiff.