IN FEBRUARY TERM, 1811, IN THE THIRTY-FIFTH
YEAR OF OUR INDEPENDENCE.

---

· *\*\* On the first day of *February*, MATTHIAS B. HILDRETH, Esq. was
.appointed attorney-general, in the place of ABRAHAM VAN VECHTEN,
·Esq.

---

ALBANY,
Feb. 1811.

JEROME *against* WHITNEY.

THIS was an action of *assumpsit*. The declaration
contained two counts. 1. For that whereas the de-
fendant, on the 9th *November*, 1803, at, &c. in considera-
tion that the plaintiff would then and there sell and con-
vey to the defendant, a certain piece or parcel of land,
situate, &c. made a certain instrument or note in wri-
ting, subscribed, &c. bearing date the same day and year
aforesaid, and delivered the same instrument in writing
to the plaintiff, and thereby, for value received, promised
to pay the plaintiff sixty dollars with interest, to be paid
in neat cattle, in one year from the date, at cash price,
&c. and the plaintiff averred, that he did then and there

A note to pay
sixty dollars, in
*neat cattle*, is
not a note with-
in the statute,
and the consi-
deration must
be stated and
shown. But the
words, "*value
received*," in
such a note, is
*prima facie* evi-
dence of a con-
sideration, and
sufficient to cast
on the defend-
ant, the burden
of proving that
there was no
consideration.
But if the plain-
tiff, in his declaration on such a note, instead of stating generally that it was given for value
received, sets forth specially ·in what·the value received consisted, he is bound to prove the
particular value according to the averment, and the general acknowledgment of value in the
note is not sufficient to support the declaration.

sell and convey to the defendant, a certain lot or piece of land, situate, &c. by virtue whereof, and by force of the statute in such case made and provided, the defendant became liable to pay, &c. and being so liable, did, afterwards, on, &c. at, &c. undertake and promise, &c. 2. The second count was for money had and received to the use of the ·plaintiff. The defendant pleaded *non assumpsit.*

The cause was tried at the *Onondaga* circuit, on the 9th *June*, 1810, before the *Chief Justice.*

The plaintiff gave in evidence a note, as follows: " For value received, I promise to pay *Chauncey Jerome* sixty dollars with interest, to be paid in neat cattle, in one year from this date, at cash price. Witness my hand, at *Aurelius, November* 9, 1803. *Jonathan Whitney.*" The counsel for the defendant moved for a nonsuit, unless the plaintiff proved the consideration set forth in his declaration, and the averment, as to the same consideration, there stated; but the objection was overruled by the *Chief Justice,* who decided, that the words, " value received," in the note, were *prima facie* evidence of the consideration, and cast the burden of proof on the defendants to disprove it ; and, thereupon, the jury, under his direction, found a verdict for the plaintiff, for 84, dollars and 45 cents.

*Rodman,* for the defendant. I rely on the case of *Lansing* v. *McKillip.** It was there decided, after a consideration of all the cases, that where two good considerations are stated in a written contract, both must be proved as laid, though the promise express to be for " *value received.*" The doctrine is laid down in *Hughes* v. *Hughes,*† that a parol promise, though in writing, is not valid, unless the consideration be proved. The words, " value received," do not, of themselves, import a consideration, but it must be averred and proved.

* 3 *Caines' Rep.* 2:6.

† 7 *Term Rep.* 350. note *a.* 1 *Comyn on Contracts,* 10 to 13. *Chitty on Bills,* 12. 62.

*Cady,* contra. In *Jackson,* ex dem. *Hudson,* v. *Alexander,** the court decided, that the words " value received" in a deed, imported a sufficient consideration *;* and the *Chief Justice,* in taking notice of the case of *Lansing* v. *M'Killip,* observed, that it was determined on the ground, that the words " value received" imported a consideration *;* though two of the judges intimated an opinion, that they did not dispense with the necessity of averring and proving a consideration.  If, then, these words import a sufficient consideration in a deed, there is no good reason why they should not have the same effect in a simple contract.

ALBANY,
Feb. 1811.

JEROME
v.
WHITNEY.

* 3 *Johns. Rep.* 484.

Again, the plaintiff was entitled to offer the note in evidence, under the money count.†  This gets rid of the objection, as to the necessity of proving the special consideration laid in the first count.

† 2 *Johns. Rep.* 235.

*Per Curiam.*  This is not a promissory note under the statute, for it is payable in " neat cattle," and it therefore required a consideration to be stated, either by showing the acknowledgment of one upon the face of the note, or otherwise by particularly averring it, as in a declaration upon a special agreement.  The note is expressed to be given for *value received,* and the question is, whether that is not evidence, *prima facie,* of a consideration.  Whatever might have been the true import of the decision in *Lansing* v. *M'Killip,* (3 *Caines,* 286.) in respect to this question, is not now very material, for since the case of *Jackson* v. *Alexander,* (3 *Johns. Rep.* 484.) the court cannot consistently say, that the acknowledgment of value received is not evidence of consideration in a note, as well as in a deed.  It is sufficient to cast upon the defendant the burden of proving that there was no consideration.  This rule is reasonable and convenient.  Notes payable in specific chattels are very common, and to compel the plaintiffs, in every instance, notwithstanding the note is expressed to

ALBANY,
Feb. 1811.

be for value received, to prove the true and identical consideration at large, is imposing upon him a great and unnecessary hardship. The confession of value by the maker of the note ought to be sufficient in the first instance.

Had the plaintiff in this case declared upon the note, stating it to have been given for value received, and had not set forth a special and particular consideration, the production and proof of the note would have been sufficient to have put the defendant upon his defence. But having specified in what that value consisted, he was bound to prove the averment as laid. A particular value charged was materially different from value in general; and so it was lately held, in *England*, in *Knill* v. *Williams*, (10 *East*, 431.) On this ground the verdict must be set aside for misdirection, and a new trial awarded, with costs to abide the event; but the plaintiff is at liberty to amend his declaration, by striking out the special consideration set forth.

New trial granted.