Haywood, Judge,
delivered the opinion of the court.
The first point to be decided is, can the plaintiff declare upon such a note as that stated in the record, or should he only have used it as evidence upon a count fitted for its reception? Or in other words, is it a promissory note? At the common law, an action of debt founded upon a record or specialty, did not require a consideration to be stated for its support; because the solemnity of the execution in the one case, and the adjudication in the other, afforded sufficient security against surprise or the suspicion of it. But debt founded upon simple contract, required a consideration. The promise may have passed lightly from him without any just cause, and without sufficiently weighing the circumstances; perhaps without seriously intending to bring himself under a legal obligation to the promissee, and possibly under a mistake of duty or of moral obligation. In order that the court may see that he has not been circumvented or surprised into a hasty and inconsiderate engagement,it requires a cause to be shown why the promise was made, equally incompatible with the idea of surprise as the solemn execution of a deed. A consideration good in law, must be alleged and proved, not only to show deliberation in the execution , but also as part of the description of the contract sued on, that it may serve by a comparison in a future suit on a contract as exactly described as it has been, to see whether it be the same contract or not, and by that means *52 if it be the same contract, to bar a recovery again upon it. As these ends could not be answered upon a written promise to pay, unless by attributing to it the same solem- * * J J . . . , nity as the law attributes to a sealed instrument: there-J , , fore at the common law such written promise, although expressed to be for value received, could not be sued on as a specialty: for then the courts must have relied on the words “value received,” to show the consideiation, when these' words jnay have been added with as little ceremony, deliberation and reflection, as a verbal promise in the same words might have been made; and by this means, the security which the law requires against surprise, might haye been defeated.
If the courts were bound by the words, “value received,” they could not have seen what consideration was called “value received,” whether for' a cause sanctioned by law, or whether founded upon an immoral consideration, or one prohibited by the law, and on which no promise could be based,
By resting on the words, “yalue received,” whatever the parties called value, legal or illegal, moral or immoral, it was the same thing to the party to be charged as if it were the ipost meritorious cause that could be imagined. But if the plaintiff were forced to allege the true consideration, and prove it, though the defendant was wholly unable to prove any thing, yet the truth would come before the court on the side of the plaintiff. He could not recover without proving it, and he would not of course attempt a recovery but upon a legal consideration. Rest upon the words “value received,” and deem it sufficient prima facie, then, in every case where the defendant could not prove turpitude, the plaintiff, for want of evidence on the side of the defendant, would recover. He would take care to have no witnesses of the transaction, and would be perfectly safe, which he would not be if obliged to prove a fair and legal consideration, \ Justly did the court decide in the time of Lord Holt, that such a contract reduced to writing, and purporting to be ¡ for value received, could not be declared on as a special *53 ty. On the complaint of the mercantile world, however, and to create a substitute for cash, and to advance commercial enterprise, the Parliament declared, that for the x ——.. future, such instruments promising to pay to order or hearer, for value received, may be sued on; and thencefor-’ ward they assumed the complexion and qualities of spe-i cialties. Then sprung up a new question, whether, if pot payable to order, but agreeing in other respects with-the instruments described in the statute, it might be con-: sidered as the instrument spoken of in the statute, so far as to be sued on by the payee. The courts said that it was; also if it contained no express promise, but an equivalent, that equivalent should be received as a substitute. The courts said that it should be so received, if the words used implied a promise to pay; and that a promise to account to the payee or order, or the acknowledgment of a debt, to be paid to the payee, were equivalent to express promises to pay; that a promise to pay was implied from accounting to order, or from the words, “payment to be made.” But the courts never have said, that the acknowledgment of a debt due, is equal to the term “to be paid;” but they have said that the acknowledgment of a debt will not afford such implication.
It is urged, that according to the practice of modern times, the instrument described in the declaration, if not within the statute of Anne, or our act of 1762, ch may still be declared on at common law, by reason of the words, “value received,” and 7th Johnson’s Rep. 321, Jerome vs. Whitney, is cited. There it is said that a note for value, though not within the statute, may be declared on without stating a special consideration, and that the words “value received,” will be looked upon as sufficient proof of consideration, prima facie. This opinion is not founded on any case where the point is decided, but upon the principle of other cases which are supposed to warrant the decision. One of them, 3 Caine’s Rep. 286, where a contract to be paid by note is stated to be founded on two considerations, and one only is proved, which proof the court held to be insufficient to maintain *54 the case stated in the declaration. Another case there relied on, is in 4 John. Rep., 484, where “value received” in a deed of bargain and sale, was deemed equal to a pe- ° . . _ _ r . cuniary consideration, set forth in the deed tor the pur- tit c pose of raising a use to be executed by the statute; from whence it w'as inferred, that value expressed in a deed, being proof of a pecuniary consideration, the same effect follows from the same recognition in a note. Another case cited by the court in that case, is 10 East, 431, where the words value received being stricken out of a note, and a special consideration stated in the note, the insertion was held to be a material alteration, and to require a new stamp under the English Stamp Laws. The principle of this decision is, that the latter note was materially variant from the first; because whenever it became necessary at a future day to show that this note was given for the special consideration stated on its face, it would in the hands of the maker be evidence against the payee of that fact, which the note for value received generally would not. Under the statute, it answered the description of a note for value, whether stated in the one way or the other on the face, and might be declared on by virtue of the statute, whereby proof of the consideration became unnecessary. But suppose it were not a note described in the statute, as the one before us, could it be declared on as a note at common law, and would the consideration expressed, be proof of the consideration stated in the declaration? I will not say that it would not; but I think it may be said that the words “value received,” would not be evidence of the same fact; and in the latter instance, the evidence must have come aliunde-, therefore, it is not established by this case, as understood in 7 John. Rep. 321,.that value received, because it would prove, that therefore it dispensed with, the statement of the special consideration. The decision in 7 John. Rep. 321, then, being single, and professing to be grounded, not on any former decision in point, but on analogous cases, which circumstances there, but not the like circumstances here, required to be so considered of as to pro *55 duce the consequence in which that case resulted — it follows that a different consideration here, suitable to our own circumstances, may terminate in a different result, corresponding with the common law decisions antecedent to the case in 7th Johnson. At present there seems to be no necessity for a departure; and then our only care ought to be, to discover and follow the precedents in the English Reports, and in those of our own state. Pursuing these guides, we shall not he able to find an action maintained upon any written contract, not under seal, by declaring upon the writing as a specialty, except bills of exchange and promissory notes, within the description of our act of Assembly of 1762; and this is not a promissory note within the statute.
If it be within the act of 1786, ch. 4, as being a note expressed to be for “value received,” though not a promissory note within the act of 1762, then as to the remedy upon it between the payee and maker, it remains as before at the common law; there being in the act of 1786, no clause as there is in 1762, enabling the payee to declare upon it. In the act of 1789, ch. 57, sec. 3, an action of debt is not given upon it to indorsees, though it is given to assignees of bonds, bills or notes under seal. An action of debt, if this reasoning be correct, cannot be maintained upon the instrument.
But it is urged, that this note being good evidence upon a count for money lent, &c. the real consideration might be equally concealed by this means, as it would by declaring on the note itself. Answer: if there were really a special consideration, and that not set out and proved, the action would be defeated, should it be proved on the part of the defendant, and therefore it would be most perilous to the plaintiff not to set it out. If there were no special consideration, then the law does not require that to be seen by the court. But if “value received” would do in all cases, then in many instances where the court ought to see the special consideration, it would by this means be concealed. Therefore, notwitstanding this *56 argument, the wisdom of the common law rule is still ap- , parent.
R now remains to consider whether the act of 1809, 7 c^‘ sec* forbids a reversal of the judgment for this defect. It directs that no judgment shall he reversed, but for some cause affecting the merits of the judgment. A judgment is meritorious as it gives justice to the plaintiff, and as it gives to the defendant the advantages which the law allows him. If he be not called on: if he be not allowed to produce his defence; if he be not secured against a second action for the same cause; if the cause declared on be not stated and proved, so as to distinguish and identify the action recovered upon, by its peculiar marks, so as to enable him at a future day, to say if the same cause described in another action with all its characteristic traits, that this is the same cause of action described in a former record; then there would be cause for reversal affecting the merits. The absence from the plaintiff’s statement of any fact, without which the action cannot be regularly supported, and which, therefore, cannot be proved on the trial, is a cause for reversal upon the merits. Here the consideration is not stated: nor is the time of payment averred; 6 Cranch’s Rep. 221; Connecticut Rep. 464.
One consequence of supporting this declaration would be, that every written contract not under seal, owning the existence of a debt expressed or implied from the words, “value received,” would be declared on in debt, and all considerations, as required by the common law to appear, wouldimmediately be banished from the system of our jurisprudence; and all substantial difference also, between sealed and unsealed instruments. For in vain would it be to say, the defendant may prove the consideration, when all considerations too contaminated for inspection would be transacted in secret, and withdrawn from the knowledge of all persons but the parties to the instrument. If the legislature may think, that the inconvenience of requiring the consideration to be stated and proved, exceeds the advantages proposed to be attained, *57 it is for them to determine whether the law shall be altered; and when they shall have altered it; we will follow their directions. So important and so ancient a branch of the system, we ought not to change without the support of a legislative sanction; It is the opinion of the court, that the judgment of the circuit court should be reversed, and that judgment,be entered up for the plaintiffs in error. Judgment reversed.