By the Court,

Bronson, J.
There is no room for a serious doubt in this case. The. testator gave an estate of freehold in the land to his wife, with a remainder in fee tail to his daughter Rachel, which was immediately turned into a fee simple by the operation of our. statute to abolish entails. (1 R. L. 52, § 1.) He did not give his daughter a mere life estate, with a remainder to her issue, but he gave her a fee in the plainest possible terms. Whether the limitation over to the children of Nicholas Yisscher, in the' event of Rachel’s dying without “ heirs of her body,” *557 was or was not good by way of executory devise, is a question which, in the event that has happened, can never arise, and we need give ourselves no concern about it. The cases to which we are referred all go to that question. Mrs. Grout does not claim under the limitation over, but as heir at law to her mother.
The title passed by the conveyance to Bleeeker and the re-conveyance to John Kuiekerbacker Jun., in 1809. There is no doubt that a consideration is necessary to raise a use and give effect to a deed of bargain and sale. . The deed to Bleeeker acknowledges that there was a consideration, and the grantors and those claiming under them are estopped from denying that a consideration was paid. They may disprove the payment for the purpose of recovering the consideration money, but they cannot do so for the purpose of destroying the effect and operation of the deed. The cases on this subject were reviewed in McCrea v. Purmort, (16 Wendell, 460.) The case of Jackson v. Alexander, (3 John. 484,) does not conflict with, but confirms this doctrine. The prevailing opinion was delivered by Kent, Ch. J. He cites the case of Fisher v. Smith, (Moore’s R. 569,) to prove that where a consideration is mentioned in the deed, “no averment or evidence shall be admitted to say that no money was paid.” And the court held, that the words “for value received,” in a deed of bargain and sale, showed a sufficient consideration to estop the grantor and give the deed operation under the statute of uses. It is true that Mrs. ICnickerbacker was a feme covert at the time, and she would not be estopped by any covenants in the deed, because a feme covert cannot bind herself by a covenant. (Jackson v. Vanderheyden, 17 John. 167.) But a married woman may convey her estate by deed, and when she makes a conveyance in the forms prescribed by law, she is as effectually concluded as any other grantor from denying any admitted fact which is essential to the effect and operation of the deed.
The tenant for life does not hold adversely to the remainder-man, and there is nothing in the objection that the *558 widow of the testator was in possession at the time of the conveyance to Bleecker.
The conveyance to Bleecker, and the reconveyance to John Knickerbacker Jun., vested the fee in the latter, and Mrs. Grout took nothing by descent from her mother. But if the deeds were inoperative the plaintiffs cannot recover, because there is an outstanding estate for life in the father as tenant by the curtesy. He did not forfeit his estate by leasing in fee to Payne. (Jackson v. Mancius, 2 Wendell, 357.) A tenant for life only forfeits his estate when he conveys a fee by feoffment with livery of seisin, or by matter of record, as a fine or recovery. No form of conveyance can hereafter work a forfeiture. (1. R. S. 739, § 143,145.) And under the old law, the lease was a harmless conveyance which only passed such estate as the lessor had to convey.
In any view of the case, the defendant is entitled to judgment on the special verdict.
Judgment for defendant.