Mr. Justice Clayton
delivered the opinion of the court.
This was an action, brought in the circuit court of Hinds, by the defendant, against the plaintiff in error. It was founded on the following guaranty: “For value received, I assign this note to G. Lane, and waive demand and notice, and warrant the consideration for which it was given, but as to the solvency or insolvency of the makers, to be without recourse.”
The declaration alleged that suit had been brought against the makers, and that no recovery was had, for the reason that there was no consideration for the note. The defence set up, was, first, that the assignment and guaranty were made by Robinson, in consideration of a debt due from the estate of A. G. Moore, deceased, of which he was the executor, and that there were no assets of the estate. Second, that the account against the estate of Moore, for which the assignment and guaranty were made, was not a just claim against the estate, and so the consideration of the guaranty had failed. Other questions arose in the progress of the trial, which it will be necessary to notice also.
In this state, an executor is not liable beyond the amount of assets of the deceased. Pickett v. Banks, 11 S. & M. 445. All which the law exacts of him is a faithful administration of the estate; but then by his own act, and by his own direct undertaking, he may become personally responsible. 2 Lomax, Ex’rs, 274 - 277. Such undertaking, however, must be in writing, and moreover be founded on a good consideration. Byrd v. Holloway, 6 S. & M. 203. In this case, both these requisites concur. It was in writing, and the plaintiff gave up a claim which he held against the estate of Moore. It was a fair exchange of credits, the substitution of the note assigned with the original guaranty of Robinson, for the liability of the estate. Whether the arrangement turned out to be a good one for the defendant, is not for us to inquire. Lane gave up his claim against the estate of Moore, *170 with the assent and agreement of the executor, and he cannot now be restored to it. This is a sufficient consideration.
On the trial, the transcript of the record of the suit against the makers of the assigned note, was offered in evidence and objected to. It was in proof that notice of this suit was given to the plaintiff in error, during its pendency. The record was certainly admissible to prove that such judgment had been rendered. This was especially the case, as notice of the pendency of the action was given to Mrs. Robinson, the executrix. Kip v. Brigham, 6 John. 159. The notice was all which the law requires; if she failed afterwards to join in the defence, the fault was her own.
But whether the judgment was upon the merits of the case, whether the same point was in issue in that case as in this, was of necessity a matter of inquiry in this suit; and in such inquiry parol evidence was admissible. 1 Greenl. Ev. 598, 604.
As the verdict in the suit against the makers was general, and as it did not therefore appear from the record whether it was rendered, because of a want or failure of consideration, that fact was open to proof by parol. Evidence to that point was therefore properly admitted. But the bill of exceptions was not proper testimonjq for the reason that the witnesses, whose testimony is therein embodied, are competent in this suit, and the other party is entitled to cross-examine them. 2 Phil. Ev. n. 181, 182.
The proof offered by the defendant of the insolvency of Moore’s estate, and of the want of assets, was properly rejected. He had bound himself personally for its payment, upon an apparently good consideration, and his liability did not thenceforward depend upon the fact of assets or no assets.
But whether the consideration which induced the promise was a valid .claim against the estate, is a different question. The consideration of every note and of every guaranty may be inquired into, as between the original parties. The presumption •is usually in favor of the consideration, when the party acknowledges in the instrument the receipt of value; but still that is only
*171 prima facie, and it is admissible to impeach it by proof. Jerome v. Whitney, 7 Johns. 321.
The defendant here offered to prove that the claim against the estate for which he gave the guaranty, was not valid, but the court rejected the testimony. This was erroneous. If the claim against the estate cannot be sustained, the undertaking of the executor was without consideration, and is not binding.
One other point only need be noticed. The extent of the defendant’s liability, if judgment should ultimately be rendered against her. If the makers of the note are solvent, then the measure of damages would be the amount of the note. If they were not, then only the amount which might have been made of them if the plaintiff Lane had succeeded in the suit against them. Any other construction would make Robinson a guarantor of their solvency, when he protected himself in the assignment against such a result.
The charges given on either side need not be dwelt on. It will be readily seen how far they agree with this opinion, and in another trial they must be made to conform hereto.
For the errors above pointed out, the judgment will be reversed, and new trial granted.