The instrument on which the complaint is founded is not a promissory note, because it was not payable at all events. If neither Henry Caruthers nor his wife had survived till the first day of April succeding the making of the instrument, nothing would ever have been payable upon it. It is necessary therefore that the promise should from the complaint appear to have been made upon consideration. This fact is not averred in direct terms, *Page 431 
though the instrument itself, which is set out in its very words, contains evidence sufficient to support, by way of proof, an allegation of consideration. (Jerome v. Whitney, 7 John.,
321.) And the averment, that the defendant made his contract in writing, could hardly be deemed maintained if it turned out upon the trial to have been founded on no consideration. The substance of the objection, therefore, is rather that the consideration appears only argumentatively, than that it is not shown at all. By inserting the words "for value received" in the plaintiff's statement, that "the defendant made his contract," even the formal difficulty would be removed, while the proof to be given by the plaintiff to make out his case would not be in the least altered. In either case the paper signed by the defendant would, upon an issue, have to be produced and in each, it, when produced, would sustain the plaintiff's case. It is contended that this defect is available under the ground of demurrer that the complaint does not state facts sufficient to constitute a cause of action. Defects, of the nature here mentioned, are not waived by answering. If this, therefore, were held to be such a defect, even after an issue tried and a verdict for the plaintiff, it would still be available to the defendant. (People, ex rel. Crane, v. Ryder, 2 Kern., 433.) Another alleged defect is in the plaintiff's statement of his title to the note. He alleges it to have become his property by purchase. The allegation cannot be true, unless he purchased of the parties having the lawful right to dispose. The whole matter will be capable of litigation at the trial. The plaintiff has not spread on the record the way in which he obtained title, but he has shortly averred the fact. Within the case above cited, that is sufficient on demurrer. The remedy for all defects of this nature is by motion, under section one hundred and sixty of the Code, to make the faulty pleading more definite and certain. That proceeding has taken the place of demurrers for want of form. *Page 432 
The substantial objection made to the complaint is, that the instrument created no legal obligation against the defendant; but I do not see any sufficient ground for sustaining the position. The last expression in the note, qualifying the promise by the words "if called for or needed," certainly suggests the idea that the promisor did not expect at all events to pay. Yet the first of those terms certainly put it in the power of the promisees, by their mere act of calling for it, to make it payable. That being so, there seems to be no reason why that which was a legal right in the promisees, subject to their own control, might not be the subject of sale.
The judgment should be reversed and judgment given for the plaintiff, with leave to the defendant to plead, on payment of costs, c.
BROWN, J., did not hear the argument; all the other judges concurring,
Judgment reversed, with leave to answer on payment of costs.