Westerfield *v.* Bried.

WESTERFIELD *vs.* BRIED.

1. A releasee of a mortgagor, under a release executed for the sole purpose of creating a trust in favor of the mortgagor, and having himself no interest in the mortgaged premises, except as trustee for the sole use and benefit of the mortgagor, cannot set up the defence of usury.

2. An averment, that the complainant loaned the defendant $2000, and "exacted and extorted" a bond and mortgage for $2195, cannot avail as a defence of usury. It precludes the idea of consent, and there can be no usury without a contract.

3. An answer, with a draft of an affidavit appended to it, signed by the defendant, but without authentication of the *jurat* by an officer authorized to administer an oath, will be treated as no answer to a bill requiring an answer under oath.

Heard on bill and answer.

*Mr. John P. Jackson,* for complainant.

*Mr. George C. Cowart,* for defendant.

THE VICE-CHANCELLOR.

The bill in this case is filed for the foreclosure of a mortgage, by sale of the mortgaged premises. The defence is usury. It is interposed by the releasee of the mortgagor. The answer states, the mortgagor "released, remised, and quit claimed" the mortgaged premises to the defendant, without any consideration whatever, for the purpose of creating a trust in favor of the mortgagor, and that they are now held in trust for him. An express disclaimer is made by the answering defendant, of all interest in the mortgaged premises, except as trustee for the sole use and benefit of the mortgagor, "to whom," to quote the answer, "the natural increase and profit, as well as the real equitable title, belongs."

The mortgagor was made a defendant, and has suffered a decree *pro confesso.* He alone can derive any benefit from

the defence. He is not under disability, or unable to protect his interests or defend his rights. It is not shown that there was any privity of estate between the mortgagor and releasee, or that, prior to the delivery of the release, the releasee had any estate, term, or interest in the mortgaged premises.

The question presented by this state of facts is, has the releasee the right to set up the defence of usury?

At one time, the Court of Errors and Appeals held the defence of usury was so exclusively personal, it could be made by no one but the mortgagor. A second mortgagee, or a purchaser of the equity of redemption, could not set it up. *Ward* v. *Plume,* referred to and commented on, in *Brolasky* v. *Miller,* 1 *Stockt.* 808. But this doctrine was abandoned in the case last named. It was there held the mortgagor, or any person who is seized of his estate and vested with his rights, may interpose it, but not a stranger. The right of defence claimed in this case must be tested by this rule. The purpose generally effected by a release, is the extinguishment or destruction of an outstanding adverse right or claim, or the enlargement of an estate or interest already held by the releasee, but it is wholly inappropriate, and, as I think, ineffectual, to transfer a complete, independent title to lands, where no estate or interest in them was antecedently held by the releasee. But whatever might be its effect, if supported by a sufficient consideration, we must deal with this paper upon the admission, or rather declaration of the answer, that it is unsupported by any consideration whatever. This fact, in my judgment, deprives this defendant of the right of being heard in denial of the complainant's claim, on the ground of usury. The books are agreed that even a deed of bargain and sale, under the statute of uses, is void, without a pecuniary consideration. 2 *Greenleaf's Cruise on Real Property* 323, 438; *Comyn's Dig., Title Fait B* 4, *a, note c; Jackson* v. *Alexander,* 3 *Johns.* 484; *Jackson* v. *Florence,* 16 *Johns.* 48. Equity is remedial only to those who come in upon an actual consideration. 2 *Greenleaf's Cruise on Real Property*

Easton and McMahon *v.* New York and Long Branch R. R. Co.

322. The answering defendant does not stand in the rights of the mortgagor, and cannot, therefore, set up the defence of usury.

But, if he stood in his rights, fully invested with his power, he could not interpose the defence of usury, under the answer as at present framed. It is not pretended usury was taken pursuant to a contract. The averment is, the complainant loaned the defendant, Bried, $2000, and " exacted and extorted " a bond and mortgage for $2195. These terms preclude the idea of consent or agreement. There can be no usury without a contract.

The complainant is entitled to a decree for the amount due on his mortgage, according to its terms.

It is proper to add, the bill requires an answer under oath. The paper purporting to be an answer, has appended to it the draft of an affidavit, signed by two of the defendants, but the *jurat* is not authenticated by the signature of an officer authorized to administer oaths. This paper may, therefore, be treated as no answer, and the complainant is at liberty to ask for the statutory decree.