## BENJAMIN *vs.* DE GROOT, executrix of De Groot.

In an action *against* an executor or administrator, a plea of the statute of limitations should not notice the eighteen months which, by 2 *R. S.* 448, § 8, is, in effect, added to the six years limitation ; that provision not being intended to alter the form of pleading.

Where the debtor resides out of this state at the time the cause of action accrued, and never returns to this state, but dies abroad, the statute commences to run only from the time of the granting of letters testamentary or of administration in this state.

In a replication to a plea of the statute in such a case, it is sufficient, after stating the facts to bring the case within the rule, to aver that on a day named, and *not before,* letters testamentary or of administration were granted to the defendant, and that the suit was commenced within six years thereafter, without stating that no other or prior letters testamentary, &c. had been granted to any one.

To a plea of the statute of limitations by an executor or administrator, where the declaration counts upon promises by the testator, the plaintiff cannot reply a new promise made by the defendant.

Where, in an action against an executor, the plaintiff replied to a plea of the statute of limitations, that within the period of limitation he presented his claim, with the vouchers, to the defendant, as executrix, pursuant to the statute, and that thereupon he and the defendant entered into an agreement to refer the same to referees to be selected by the surrogate from names to be furnished by each of the parties and to be approved of by him, and that the defendant subsequently revoked the agreement to refer, and that the suit was brought within six months thereafter ; *held,* that the replication was bad, in *substance,* for not furnishing any sufficient answer to the plea, and for setting up the short bar of six months, which the defendant had not pleaded ; and in *form* (if relied on as a replication of a new promise,) for stating the evidence of facts, instead of the facts themselves, upon which the plaintiff relied.

DEMURRER to replications. The declaration is in assumpsit, and the first four counts are the *indebitatus assumpsit* and *quantum meruit* counts for labor, money lent, paid, laid out

and expended, and had and received, and on an account stated, all the transactions being stated to have been had with the testator in his lifetime, and the promises are alleged to have been made by him. The defendant's third plea is *non-assumpsit infra sex annos* to these four counts. The plaintiff, by leave of the court, replied double; (1) That the testator, before and at the time when the promises in these counts were made, and before and at the time when the causes of action therein mentioned accrued to the plaintiff, was out of this state, to wit, at London, in the kingdom of Great Britain, and never afterwards returned to this state, but continued out of this state until his decease; and that after his death, and on the 11th day of December, 1840, and not before, letters testamentary, upon the last will and testament of the deceased were granted by the surrogate of the city and county of New-York, to the defendant; and that the plaintiff exhibited his bill in this cause, and brought his action against the defendant as executrix, &c. within six years after granting letters testamentary, concluding with a verification.

(2) That the testator died at London, in Great Britain, on the 20th day of February, 1835, and that letters testamentary, in due form of law, were granted on the 16th day of December, 1840, upon the last will and testament of the deceased, to the defendant; that on the 14th day of June, 1842, the plaintiff presented for payment, to the defendant as executrix, his claim against the testator, arising upon the promises mentioned in these four counts, with the vouchers thereof, pursuant to the provisions of the statute, and that thereupon, within the period of seven years and six months after the decease of the testator, to wit, on the 14th day of June, 1842, the parties made an agreement to refer the claim to three referees to be thereafter named by the parties and approved by the surrogate, and providing that each party should pay one half of the expense; and on the 20th May, 1843, the plaintiff gave notice to the defendant of his intention to appear before the surrogate and present certain names for referees, and apply to the surrogate for his approval. That on the 22d day of May, 1843, the defendant

Benjamin v. De Groot.

revoked the agreement to refer, &c. That the plaintiff applied to the surrogate on the 24th day of the same month for his approval of the reference, which application the defendant opposed, and the same was refused by the surrogate, and that the plaintiff commenced his suit within six months after the said proceedings were so terminated, concluding with a verification.

Demurrer to both replications, with various special causes, and among others, as to the first replication, that it does not aver that letters testamentary, upon the last will of the testator, other than, or prior to, those issued to the defendant, were not issued; and as to the second, the matters of form mentioned in the opinion of the court are assigned. Joinder.

*J. Prescott Hall*, for the defendant. The provision in 2 *R. S.* 297, § 27, relates only to the case of a defendant out of the state when the cause of action accrued, and *returning* into it, and it gives the plaintiff six years after his return; but it has no application where (as in this case) he dies abroad. The case therefore falls within the provisions respecting suits against executors and administrators, which give a year and an half additional time to bring the action after the cause accrued. There is no provision by which the period of limitation commences from the granting of letters testamentary or of administration.

If the provision referred to does apply, then it is insisted that the suit should be commenced within six years after probate of the will in this state; for after that event the creditor can proceed to compel the issuing and acceptance of letters testamentary or of administration with the will annexed. (2 *R. S.* 70, 71, §§ 9, 14.)

But assuming the construction contended for, the replication is bad for not averring that no other or prior letters testamentary or of administration had been issued. The plaintiff should have shown that there was no person representing the estate who might have been sued until these letters were issued to the defendant.

The only proper replication to the defendant's plea would be

one taking issue upon it. (*Howell* v. *Babcock's executors*, 24 *Wend.* 488.)

As to the second replication. The matters replied, if in any respect pertinent, are evidence of a new promise by the defendant, the executrix; but a promise by a personal representative will not revive a cause of action which existed against the testator or intestate.

The replication presents an issue upon the short bar, provided by 2 *R. S.* 89, § 38 for the case of claims presented to and rejected by an executor or administrator; but this provision was not pleaded.

The replication is also bad for pleading the evidence of facts instead of the facts themselves, and for being double.

The year and six months, added to the period of limitation where an executor is sued, makes no difference in pleading. (*Huntington* v. *Brinckerhoff*, 10 *Wend.* 278; *Howell* v. *Babcock's executors, cited supra.*)

*E. Norton*, for the plaintiff. Where the testator is out of the state when the cause of action accrued, and dies out of the state, the statute does not begin to run until there is some person in the state against whom an action can be brought. (*Murray's adm'r* v. *The East India Co.*, 5 *Barn. & Ald.* 204; *Pratt* v. *Swaine*, 8 *Barn. & Cress.* 285; *Wenman* v. *The Mohawk Ins. Co.*, 13 *Wend.* 267; *Douglas* v. *Forest*, 4 *Bing.* 686.)

It was unnecessary for the plaintiff to aver that there were no other or prior letters. If such fact exists, it should come from the defendant. The demurrer admits that the defendant is executrix, and the presumption is that there never was another.

The time of the probate of the will is not material. It is true, that after that event a creditor could pursue certain measures looking to the enforcement of his claim; but the doctrine of the cases is that the statute does not commence running until there is a person against whom a suit can be brought.

The second replication shows that legal proceedings were taken within six years, which abated by the act of the defendant. And that the suit was commenced within a reasonable time

Benjamin *v.* De Groot.

thereafter. These facts bring the case within the equity of the exceptions to the statute. (2 *R. S.* 298, § 33; 2 *Strange,* 719, 907; 3 *Caines,* 197, 205; 2 *Salk.* 425; *Sid.* 228; 2 *Saund.* 63, *c, note* 6.)

The agreement to refer, was a waiver of the defence of the statute. It amounted to a new promise. (*Emerson* v. *Thompson,* 16 *Mass. R.* 429.)

The replication is not objectionable in form. The proceedings touching the reference exist in writing and may be given in words, and the several facts only constitute a single defence.

But the plea is bad. In a suit against an executor, six years is not a bar, but the plaintiff has a year and six months in addition. It should have been stated that this time had elapsed. (2 *R. S.* 448, § 8; 8 *Barn. & Cress.* 285; 1 *Hill,* 561; *Id.* 672; 24 *Wend.* 488.)

*By the Court,* JEWETT, J. The several causes of action set forth in the first, second, third and fourth counts of the declaration, are of that class, which by the statute of limitations (2 *R. S.* 295, § 18) are barred, unless the action is commenced within six years next after the making of the promises. The plea, therefore, is appropriate to raise that defence. By the provisions of the statute, (2 *R. S.* 448, § 8,) the term of eighteen months after the death of any testator or intestate, shall not be deemed any part of the time limited by law for the commencement of actions against executors or administrators. It has been held by this court that this provision of the latter section was not intended, and does not alter the form of pleading. (*Howell and Strong* v. *Babcock's ex'rs,* 24 *Wend.* 488.) The first replication to that plea, to avoid that bar, sets up that the defendant's testator, as well at the time of making the several promises as at the time when the several causes of action accrued to the plaintiff, was out of this state, at London in the kingdom of Great Britain, and there remained till he died in the year 1835; that after his decease and on the 11th day of December, in the year 1840, *and not before,* letters testamentary upon the last will and testament of the deceased were duly granted and issued by the.

surrogate of New-York to the defendant, as executrix thereof, and that this suit was commenced within six years next after the granting of said letters testamentary.

Two questions arise upon this replication: 1. Does it avoid the plea by any facts which legally exempt the case from the operation of the general statute of limitations? I think the statute had not began to run in favor of the testator at the time of his death. (2 *R. S.* 297, § 27.) It is a principle of general application, that not having began to run in the *lifetime* of the decedent, it could not begin until there was a personal representative against whom a suit could be brought; and the replication shows that such representative did not exist until the 11th December, 1840. Although not within the words of the provisions of the statute last referred to, I think it comes within the equity of it. It is conceded that if the testator had returned to this state before his death and had died here, the demand would not have been barred by the general statute of limitations; and I am of opinion that the fact of the death of the testator abroad does not alter the case in that particular. 2. But it is insisted that if the provisions of the 27th section do apply to the case of a person dying abroad, the six years given by that section would commence running from the time of the *probate* of the will in this state; for from that time the creditor could proceed to compel the issuing and acceptance of letters testamentary or of administration with the will annexed; and that therefore the replication is in fault, on the ground that it does not offer the issue that the action was commenced within six years after *probate* of the will. It is true that provision is made by statute, (2 *R. S.* 70, 71, §§ 9, 14,) by which a creditor and others may take proceedings after probate of a will to compel the executor, &c. to take letters testamentary within a given time after notice; and in case of neglect or refusal, authority is given to the surrogate to grant letters of administration with the will annexed to such creditor or other persons; but the answer to such point is, there is nothing in the statute, nor is there any rule *requiring* the creditor to take such steps. The time of granting adminis-

Benjamin *v.* De Groot.

tration, and not the time of *probate* of the will, is the time when the statute of limitations commenced running in this case.

It is also insisted that this replication is bad for lack of form; that the averment that letters testamentary, on the 11th of December, 1840, *and not before,* were issued, is not sufficient; that such averment does not necessarily exclude the fact that letters testamentary had been issued *before* that date to some other person; that the averment should have been that *no other or prior* letters had been issued. I am inclined to think that the replication contains that degree of certainty in this respect required by the rules of pleading. (1 *Chit. Pl.* 513, 624; 1 *Saund. Pl.* 49, *note* 1.)

The second replication, I think, is bad in substance. It replies a new promise in avoidance of the statute of limitations, *made by the executrix.* It *departs* from the allegations in the declaration. The declaration counts upon promises made by the testator. It is no good answer to a plea of the statute of limitations, upon such promises, that the executor promised, &c. Besides, it presents an issue upon the short bar of six months prescribed by statute, (2 *R. S.* 88, §§ 35, 38,) which the defendant has not pleaded, and it is no answer to the general statute of limitations which he has pleaded. (*Reynolds* v. *Collins' ex'r,* 3 *Hill,* 36.)

This replication is also bad in many other respects. It is chargeable with replying the *evidence* of facts, instead of the *facts,* upon which the plaintiff relies to sustain his action.

The plaintiff is entitled to judgment upon the demurrer to the first replication, and the defendant to judgment upon the demurrer to the second replication, with liberty to each to amend upon the usual terms.

Ordered accordingly.