## CHRISTOPHERS v. GARR.

### Statute of Limitations.

Where a resident debtor by simple contract leaves the state, after the debt becomes due, and dies abroad, the statute bars an action against his administrator, after the lapse of six years from the time the debt became due, excluding the time between his departure from the state and the period of eighteen months after his decease. [1]

APPEAL from the general term of the Court of Common Pleas of the city and county of New York, where, in a case agreed upon pursuant to §§ 372–4 of the code, judgment had been rendered in favor of the plaintiff.

This was an action by Christophers, the plaintiff, against Andrew S. Garr, administrator of Colin Mitchell, deceased, upon a promissory note, dated the 2d April 1836, whereby the plaintiff's intestate promised to pay to the order of T. Vemilya, the sum of $926.56, ten months after the date thereof; of which the plaintiff was the indorsee and owner.

On the 7th or 8th day of February 1837, Mitchell, the maker, left New York, for Florida, where he remained until the last of July or the first of August 1837,

much by the court of appeals, in Wilson v. Herkimer County Mutual Insurance Co., to be followed, as an authority. Nevertheless, the supreme court, in the case of Merrill v. Agricultural Insurance Co., 10 Hun 428, followed that case, and held, that it was by no means clear, that the court of appeals intended to overrule it; referring to the unreported case of Heacock v. Saratoga County Mutual Insurance Co., decided by the court of appeals, in March term 1856. The question is, therefore, as yet, an unsettled one, in this state. See also, Burrill v. Chenango County Mutual Insurance Co., Edm. S. C. 233.

[1] Where, however, a debtor resides without the state, when the cause of action accrues and until his death, the statute begins to run only from the time of granting letters of administration. Davis v. Garr, post 124.

when he sailed from Apalachicola in a vessel bound for New York, which was never afterwards heard of, and Mitchell, it was supposed, perished at sea in the latter month. Letters of administration upon his estate were granted to the defendant, by the surrogate of New York, on the 29th June 1844. On the 8th April 1837, the decedent wrote to Vemilya, alluding to the note in question, and expressing some concern on account of his inability to pay it.

The court below gave judgment for the plaintiff upon the agreed statement of facts, whereupon, the defendant took this appeal.

*Garr*, the appellant, *in propriâ personâ.*

*Sandford*, for the respondent.

\* 62 ]    *JEWETT, J. (after stating the facts.)—The single question submitted by the parties for the determination of the court below was, whether the plaintiff's cause of action upon the note in question, was or not barred by the statute of limitations; that court held that it was not. The note became payable, including the days of grace, on the 5th day of February 1837, and Mitchell being then a resident of New York, the statute began to run.

This is one of the actions which the statute (2 R. S. 295, § 18) provides, as a general rule, shall be commenced within six years next after the cause of such action accrued, and not after. To this rule there are several exceptions made by §§ 24, 25, 26, 27 and 28, of the same statute. The last clause of § 27 provides, that if, after such cause of action shall have accrued, such person shall *depart* from and *reside* out of this state, the time of his *absence* shall not be deemed or taken as any

part of the time limited for the commencement of such action.

As Mitchell was within the state, at and after the time when the action accrued on the note, the running of the statute against the action commenced at that time; his departure from the state, and his residence out of it, operated as a suspension during his absence; but that terminated with his death. When the statute begins to run, it is a general rule, that no subsequent disability stops it; the death of the party is not an exception. (*Wenman* v. *Mohawk Insurance Co.*, 13 Wend. 267, and the cases there cited.)

At the death of Mitchell, the statute had not yet run, and therefore, 2 R. S. 448, § 8, applies, to extend the statute eighteen months after his death, in addition to such part of the six years as remained unexpired at that time; which carried the period of limitation to February in the year 1845. The action not being brought until March 1850, it came too late by more than five years. It might have been brought immediately *after letters of administration were granted in June 1844. If the delay works a loss to the [ * 63 plaintiff, it is chargeable to his own neglect, in not taking care to commence his suit in time to have avoided it.

The case of *Benjamin* v. *De Groot* (1 Denio 151) is supposed by the plaintiff's counsel to be an authority to sustain this suit; but it may be seen, that that case presents a distinction which is not to be found in this, namely, that there the statute had not begun to run against the debtor, during his lifetime.

I am of opinion, that the action was barred by the statute, at the time it was commenced, and that the judgment of the court below is, consequently, erroneous, and should be reversed.

FOOT, J.—This case turns on the true construction of the last clause of the 27th section of our revised statutes " of the time of commencing actions." (2 R. S. 297.)

When the action accrued, the debtor was within this state; and, of course, the statute began to run. The appellant afterwards took out letters of administration on his estate. If the whole time, from the departure of the debtor from the state until the letters were taken out, is deducted, the suit is commenced in season; but if only the time from his departure to his death is deducted, the suit is not in season.

The first clause of this section of the statute has received a judicial interpretation in the case of *Benjamin* v. *De Groot* (1 Denio 155). That clause expressly provides, that if the debtor is out of the state, when the cause of action accrues, " such action may be commenced within the times herein respectively limited, *after the return* of such person into the state." Hence, if he does *not return* into the state, and dies abroad, the statute cannot commence running, until after representatives of his estate have been appointed; and so the court held in the case cited. But the provision of the statute, contained in the second clause, and which provides for the case of a debtor being within the state when the action accrues, is very different. In that case, the statutory direction is, if " such person *shall depart *from, and reside out of* this state, the time of his absence shall not be deemed or taken as any part of the time limited for the commencement of such action." It appears to me, that the true meaning of this provision is, that the time to be deducted is only that which accrues while the party *resides* out of the state; during that time, no process can be served upon him. As soon as his death occurs, whether out of or in the state, measures may be taken to settle his estate and collect debts against it. If the statute had begun to run, and the debtor had died in the state, it would continue to run; and the

creditor would have the benefit of only the eighteen months given him by the statute.   (2 R. S. 448, § 8.)

Again, this § 8 applies to this case.   Its language is, "the term of eighteen months *after the death* of any testator or intestate, shall not be deemed any part of the time limited by law for the commencement of actions against his executors or administrators," &c.   No reference is had to the place of death; whenever the debtor dies, these eighteen months are given to set forward proceedings to collect his demand.   On the whole, my opinion is, that the statute is a bar to the present suit.

Judgment reversed.