*Gardiner, J.
 

 — The first objection presented -* by the pleadings on the part of the defendant is, that the written instruments set forth in the declaration are payable to the
 
 trustees
 
 therein named,
 
 or their sue-' cessors in office,
 
 and that the uncertainty as to which of the two, the payment is to be made, invalidates them as promissory notes, though not as agreements. I am unable to perceive any such contingency in the contract.
 

 If the plaintiffs are to be considered as the representatives of a corporation, and the suit instituted for the benefit of their principal, the payment must be made to
 
 *127
 
 them, as trustees. If their term of office expired, before the commencement of the suit, then, and in that event only, would a right of action inure to their successors. There never was a time, consequently, when the maker of the notes could discharge himself by a payment made, at his election, to these plaintiffs, or their successors. The term successors, implies one who takes a place that another has left. It might be as reasonably contended, that the payee was contingent, where a note was made payable to A., or his executors or administrators, &c.
 

 It has been determined, that an undertaking to pay C. or D., or his or their order, is not a promissory note; "because payable to either of the payees, and that only on the contingency of its not being paid to the other. (Story on Prom. Notes § 37; 4 Wend. 575; 2 B. & Aid. 417.) The distinction between those cases (even if the doctrine thereby established is sound) and the present, is, that the contingency in them was apparent on the face of the instrument. Here, there was no uncertainty in the contract, when the notes were made, or became payable; the ambiguity, if any, would arise from a change of trustees, after the note took effect as a per fected contract.
 

 *Secondly, if the plaintiffs were not the representatives of a corporation, as the defendant insist, they could sustain the action in their own name ; the word
 
 “
 
 trustees,” would be merely a designation of the persons, and ■ the phrase
 
 “
 
 their successors,” may be rejected as surplusage. It has been decided, that a note payable to a trustee, or agent, or executor, will sustain a suit in the name of the person mentioned. (3 Harrington 385; 3 Mass. 103; 2 English (Ark.) 382. And see 9 Johns. 334; 8 Cowen 31, and cases there cited.) I think, therefore, that these contracts are promissory notes, and, consequently, negotiable. [ *133
 

 2. It is said, the declaration is bad, because it is not
 
 *128
 
 the action of the plaintiffs, as individuals suing in their own right, but
 
 a suit
 
 by them, as “ trustees” of a company. A contract payable to the trustees of a - company, not incorporated, would not be a note, within our statute. But there is no averment or pretense that the Apalachicola Land Company was ever incorporated; and if not, there cannot be a contract with the plaintiffs,
 
 as, trustees.
 
 The allegation of a promise to them
 
 “
 
 as trustees,” is repugnant to the contract, as, stated, and the other distinct averments in the declaration. They are, therefore, to be rejected as unnecessary. (1 Chitty on Plead. 265.) Again, the expression “ trustees of the Apalachicola .Land Company,” indicates the relation in which the payees of the note stand to the company, but that does not affect their legal right
 
 in,
 
 and their right to sue in their own names,
 
 wpon
 
 the contract.
 
 [1]
 

 3. It is insisted, that the action should have been brought in the names of the individuals composing the land company. The .legal interest in the notes, as we have seen, was'in the persons named as payees; and even if it should be granted, which does not appear, that the consideration moved from the company, the action was properly brought in the names of those to whom the promise was expressly made.
 

 4.
 
 Another point made is, that the notes are usurious upon their face. *The answer to this point, is J found in the facts stated in the declaration, to wit, that the notes and the
 
 assumpsit
 
 of the defendant, were made at Apalachicola, in the .state of Florida. That the rate of interest was regulated by statute in that state, or that the common law prevails there, are mere matters of conjecture. Suspicion alone will not. invalidate a contract, and there is nothing else in this case..
 

 The sixth and seventh points, as to the varianóe, and the erroneous assignment of the breach of the contract stated in the declaration,- depend upon the assumption,
 
 *129
 
 that the promise to pay the plaintiff is in the alternative. This has already been considered.
 

 It is contended, under the 8th point, that the notes were payable to the plaintiffs in their official capacity; that the pleas which show them out of office,, and other trustees in their place, are a bar to the action. As the promise was made to the plaintiffs, as trustees of an unincorporated company, the action must be brought in their names, although other persons had been subsequently appointed. In
 
 Townsend
 
 v.
 
 Goewey
 
 (19 Wend. 427), the association was for the purpose of building an exchange in Albany; the defendant subscribed for stock, and the association was subsequently incorporated; after which, the action was brought in the names of the original trustees, agreed upon before the association was incorporated. The promise was to the
 
 trustees, or
 
 their
 
 successors;
 
 it was held, that the action must be brought in their names, and that their successors took the beneficial interest, as assignees, without a formal assignment.
 

 The next question arises upon the plea, or rather the replication to the defendant’s plea, of the statute of limitations. It appears, that the defendant’s intestate, Mitchell, when the note was made, and the cause of action accrued, was without this state, and continued out of the state, until his death. That the defendant, on the first of June 1844, was duly appointed administrator, and took upon himself the burden, &c. And *that the action was brought within six years after the *- 0 granting of administration. The replication is, I think, a perfect answer to the plea, according to
 
 Benjamin
 
 v.
 
 De Groot
 
 (1 Denio 156) and
 
 Douglass
 
 v.
 
 Forrest
 
 (4 Bing. 686). In the last case, the testator resided and died abroad; the action was on a Scotch judgment, obtained by proclamation against the testator, when he was in India; it was held, that his executors in England might be sued, within six years after taking out probate. And in the case from Denio, that where the statute did not
 
 *130
 
 begin to run in the lifetime of the testator, it could not commence running, until there was a personal representative, against whom a suit could be brought.
 

 The replication does not, in terms, negative the fact, that administration was not granted prior to the time specified, to the defendant or some other person. But I ttiinlr this a defect of form rather than substance, and that it is waived by the rejoinder, which attempts to sustain the plea, upon the sole ground that the debt was not contracted, nor was the decedent ever within or amenable to the jurisdiction of the state. The judgment should be affirmed.
 

 Judgment affirmed.
 

 Foot, J., dissented.
 

 [1]
 

 See Considerant
 
 v.
 
 Brisbane, 22 N. Y. 389.