## WARD v. WARD.

(Circuit Court, E. D. New York. February 10, 1906.)

1. MORTGAGES—BONDS—EVIDENCE OF EXECUTION AND DELIVERY.

The acknowledgment of a bond for the payment of money, and the recitation thereof in a mortgage duly acknowledged and recorded, are evidence that the instruments were executed and delivered.

[Ed. Note.—For cases in point, see vol. 35, Cent. Dig. Mortgages, § 172.]

2. SAME—PAYMENT—POSSESSION BY MAKER AS EVIDENCE.

The fact that the maker of a bond and mortgage had the same in his possession after the death of the payee and delivered them for safe keeping to his counsel, raises no presumption of payment where it is shown that he was at the time the prospective administrator of the

mortgagee, and was afterward appointed as such, and that he took possession of the papers of the mortgagee at once on the latter's death.

3. EXECUTORS AND ADMINISTRATORS—INDEBTEDNESS TO DECEDENT—NEW YORK STATUTE.

2 Rev. St. N. Y. (1st Ed.) pt. 2, c. 6, tit. 3, § 13, provides that "the naming of any person executor in a will shall not operate as a discharge or bequest of any just claim which the testator had against such executor but * * * such executor shall be liable for the same as for so much money in his hands at the time such debt or demand becomes due, and shall apply and distribute the same * * * as a part of the personal estate of the deceased." *Held* that, in a case falling within such provision, a bond for the payment of money given by an administrator to his decedent, and which had matured, became extinguished on the administrator's appointment, his liability being for the money due thereon, which, under the statute, he was conclusively presumed to have received as administrator.

4. SAME—ACTION AGAINST—RECOVERY ON INCONSISTENT CAUSE OF ACTION.

An action against an administratrix on a bond given by the decedent, but on which action is barred by limitation, cannot be converted into one to recover the proceeds of the bond on the theory that under 2 Rev. St. N. Y. (1st Ed.) pt. 2, c. 6, tit. 3, § 13, the decedent is presumed to have received the same money on his appointment as administrator of the estate of the payee, since the two causes of action are not only inconsistent, but are based on grounds requiring different allegations and proofs.

At Law. On motion for new trial.

Henry M. Ward, for plaintiff.

Wilson & Wallis (William G. Wilson, of counsel), for defendant.

THOMAS, District Judge. Abby Maria Ward was the mother of Charles E., William G., and John Ward. She died in 1887, making John her sole executor and legatee. John died, unmarried, November 30, 1896, and by prearrangement with Charles, William became John's sole administrator. After John's death but before William's appointment, William delivered to his personal counsel a bond, recited in a mortgage recorded May 5, 1876. Both instruments were executed and acknowledged by William to John, under date of March 10, 1876, and were conditioned for the payment to Abby Maria and John of the sum of $66,000, with interest at seven per cent., five years from March 10, 1876. Neither bore evidence of payment in whole or in part. William died January 16, 1901, without accounting to the surrogate, and Caroline Constantia Ward was appointed his administratrix, January 26, 1901. Charles began this action October 21, 1903, and died July 27, 1905. This action was revived by an order of December 8, 1905, in favor of the administrator of Abby Maria Ward and John Ward.

The complaint alleges the above facts, the execution and delivery of the bond, the nonpayment thereof, and demands judgment for the principal thereof with interest. Subdivision eleventh of the amended complaint states:

"Upon information and belief that no part of the principal sum of sixty-six thousand dollars ($66,000) mentioned in said bond, or of the interest thereon, was ever paid by the said William G. Ward in his lifetime to either said John Ward or said Abby Maria Ward or to the legal representative of either of them, and no part of said principal sum and no part of the

interest has since the death of said William G. Ward been paid by his administratrix to the legal representative of either said John Ward or said Abby Maria Ward, and that the full amount thereof with interest as therein stipulated and as allowed by law is now justly due and owing by the defendant to the plaintiff."

The record and acknowledgment of the mortgage, its recitation of the bond (Gaylord v. Knapp, 15 Hun (N. Y.) 87, 89), and the acknowledgment of the same (Albany County Savings Bank v. McCarty, 149 N. Y. 71, 43 N. E. 427), are evidence of their execution and delivery. The fact that William had possession of the bond and mortgage after John's death, and before his appointment as John's administrator, loses its probative force in view of the fact that before such appointment, and after John's death, he took possession of John's papers. Why did not William, if he had them in his personal possession, deliver the papers for safe-keeping during John's life? Presumptively because he did not have them. His possession of the papers is entirely consistent with the continuing obligation to John thereon, and accords with his prospective office of administrator. Hence, it is concluded that the bond and mortgage were delivered and unpaid. The land covered by the mortgage had been foreclosed by virtue of a prior mortgage having no surplus applicable to the payment of the bond in question. But the defendant pleads the statute of limitations. A bond dated March 10, 1876, for the payment of money five years thereafter, to wit, March 10, 1881, would expire by limitation March 10, 1901, which time would be extended 18 months, on account of the death of William. But the 21 years and 6 months expired September 10, 1902, and this action was not begun until October 21, 1903. Hence, the statutory period of limitation expired before the action was begun.

The plaintiff seeks to meet this plea by two propositions:

(1) That the case falls within 2 Rev. St. N. Y. (1st Ed.) p. 84, pt. 2, c. 6, tit. 3, § 13, which is as follows:

"The naming of any person executor in a will shall not operate as a discharge or bequest of any just claim which the testator had against such executor, but such claim shall be included among the credits and effects of the deceased in the inventory, and such executor shall be liable for the same as for so much money in his hands at the time such debt or demand becomes due, and he shall apply and distribute the same in the payment of debts and legacies, and among the next of kin as part of the personal estate of the deceased."

(2) That during the time while there was no one to sue the statute was suspended, because there was no person in being who could maintain the action. Dunning v. Ocean National Bank, 61 N. Y. 497, 19 Am. Rep. 293, where it was held that the statute was suspended while there "was no party legally existing in whom a right of action vested;" Davis v. Garr, 6 N. Y. 124, 55 Am. Dec. 387, where the holding was that "where a debtor resides out of the state at the time the cause of action accrues, and, until his death, the statute begins running only from the time of granting letters of administration in the state"; Benjamin v. DeGroot, 1 Denio (N. Y.) 151, where it was held that the statute did not begin to run "until there was a personal representative against whom a suit could be brought." See,

also, Matter of Howard's Estate, 11 Misc. Rep. (N. Y.) 229, 32 N. Y. Supp. 1098.

But it is thought that this class of decisions is not applicable, inasmuch as the title of the bond vested in William, as administrator, and the very fact that he, as administrator, could not sue himself individually, brought the case within section 13, above quoted. But the section makes him "liable for the" claim "as for so much money in his hands," upon the fiction that the claim has been collected by him, and paid by him into the funds of the estate, and the presumption that it has been so collected and paid is not rebuttable. Baucus v. Stover, 89 N. Y. 1; Matter of Accounting of Consalus, 95 N. Y. 340. But if the debtor is deemed to have the money in hand which the bond evidenced, the bond must be deemed extinguished. The money secured by it is deemed paid. But the present action is based upon the bond, and the complaint definitely states that the amount due thereon has not been paid by William to Abby Maria Ward, John, "or the legal representative of either of them," that the full amount thereof with interest as therein stipulated  *  *  *  is now justly due and owing." This is an affirmance that the bond is a living obligation on which no payment has been made, and it is quite inconsistent with the statutory assumption that the bond has been paid and that the money is in hand applicable and distributable on payment of debts and to the next of kin. The present administratrix is the representative of William, and she may be compelled to account for all sums that he received as administrator of John, and which sums she actually received; and if it be conceded that any debt chargeable against him under the statute quoted may be enforced against his estate, this does not permit a recovery against her on the bond, if the statute of limitations has run against the bond, nor does it permit a recovery against her for money theoretically in William's hands, unless she be shown to have received it. But the statute has run against an action on the bond, and yet such is this action, and the plaintiff should not be permitted to convert an action on the instrument to one charging that the present administratrix has received the amount of the debt as a part of William's estate, or that William had such "money in his hands," which she has presumptively received, without appropriate allegations to that effect, which the defendant could meet. But unless the complaint be thus transformed and be given a meaning quite inconsistent with its obvious theory and plain statement, the statute of limitation bars recovery.

Upon the ground that the statute does bar recovery of this action on the bond, the motion for a new trial should be granted.