(65 Misc. Rep. 86.)

### In re EYCHNER'S ESTATE.

(Surrogate's Court, Oneida County.   November, 1909.)

1. EXECUTORS AND ADMINISTRATORS (§ 334*)—CLAIMS AGAINST DECEDENT—SALE OF LAND TO PAY DEBTS.

Lapse of time before granting of letters of administration does not impair the right of the administrator to sell the property to pay the funeral expenses under Code Civ. Proc. § 2750, authorizing such a proceeding at any time within three years after letters were issued, where the application is brought within such time.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. § 1377; Dec. Dig. § 334.*]

2. EXECUTORS AND ADMINISTRATORS (§ 334*)—SALE OF LAND TO PAY JUDGMENT LIENS.

Code Civ. Proc. § 2749, provides that the real property of a decedent may be sold for payment of judgment liens, and section 2750 provides that at any time within three years a petition may be filed to sell decedent's real estate to pay his debts. *Held,* that an application to sell real estate to pay judgment liens may be filed within three years after letters of administration granted, though the letters were not issued until 16 years after decedent's death.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. § 1377; Dec. Dig. § 334.*]

In the matter of the estate of Alexander Eychner, deceased. Petition by the administrator for a sale of decedent's property to pay debts. Decree directing sale.

O. P. Backus, for John R. Jones.

Frank S. Baker, for Roscoe Eychner, administrator.

J. P. Gubbins, for Roy Smith, Goodey Smith, Walter Smith, Marion Smith, and Winfield Smith, minors.

SEXTON, S.   Alexander Eychner died October 4, 1892, intestate, leaving real estate, but no personal property.   His son, Roscoe Eychner, October 7, 1892, paid the funeral bill of $59, and on December 22, 1908, was appointed administrator of this estate.   On December 30, 1908, said administrator petitioned this court for a decree directing the sale of the decedent's property for the payment of his debts and funeral expenses. ·· The petition shows that the claims of three judgment creditors of the deceased, amounting to $1,160.05, were rejected by the administrator on the ground that they were barred by the statute of limitations.   On the return of the citation, John R. Jones, a judgment creditor, by assignment, in the amount of $514.69, filed an answer, alleging that the claim of the administrator for $59 for funeral expenses was barred by the statute of limitations, and that his judgments by assignment were valid liens upon the real estate for $514.69, and should be first paid.   Jones' claims were presented to and rejected by the administrator, but that fact does not deprive the surrogate of jurisdiction to determine the validity of the same in a proceeding to sell real estate to pay debts.   Merchant v. Merchant, 53 Hun, 638, 6 N. Y. Supp. 875; Matter of Application of Haxtun, 102 N. Y. 157, 6 N. E. 111.

---

o

It is contended on behalf of creditors that the administrator cannot maintain this proceeding to pay his own bill for burying deceased, because it did not accrue within the six years preceding this application but did accrue in the year 1893, and is barred by the statute of limitations.

In Davis v. Garr, 6 N. Y. 124, 55 Am. Dec. 387, the rule is laid down:

"That where the statute did not begin to run in the lifetime of the testator, it could not commence running until there was a personal representative, against whom a suit could be brought."

This estate had no representative until December 30, 1908. Section 2750 of the Code of Civil Procedure provides for the maintenance of this proceeding, for the payment of the debts and funeral expenses of the deceased, "at any time within three years after letters were first duly granted within the state, upon the estate of the deceased." The claim that this proceeding is not maintainable by the administrator to sell the real estate to pay his funeral bill is therefore untenable in law.

One point remains. The administrator rejected the claims of all judgment creditors on the ground that the judgments were recovered prior to October 4, 1892, and are barred by the statute of limitations. Section 2749 of the Code provides that:

"Real property of which a decedent dies seised, * * * may be disposed of, for the payment of * * * judgment liens existing thereon at his death," etc.

Section 2750 of the Code provides that:

"At any time within three years after letters were first duly granted within the state * * * any other creditor of the decedent * * * may present to the Surrogate's Court, * * * a written petition," etc., praying for the sale of sufficient real estate of decedent to pay his debts.

Section 2749 of the Code authorizes the sale to pay judgment liens; and section 2750 of the Code prescribes the procedure for a judgment creditor and gives him three years after the appointment of an executor or administrator in which to start the proceeding.

An administrator in this estate was appointed December 22, 1908, at which time the three years' limitation began to run and had not expired prior to the bringing of this proceeding. Hence it follows that this proceeding is maintainable and that the judgments owned by John R. Jones and the judgment of Elizabeth Owens in the amounts proved on the hearing are now valid liens upon the real estate described in the petition and entitled to be paid in full, with interest, in the order of their priority next after the claim of the administrator for funeral expenses and the expense of administration, and the costs and disbursements of this proceeding, which last amount will be fixed upon the presentation of the decree of sale.

Decreed accordingly.