NEW-YORK, May, 1830.

Walrad v. Petrie.

---

WALRAD and BOWMAN *vs.* PETRIE and GOULD.

A note payable to A, or B. cannot be declared on as a promissory note within the statute.

If, however, it purports on its face to be *for value received*, the setting forth of the note acccording to its terms, is a sufficient statement of consideration to entitle the plaintiff to recover as on a contract.

Such note may be given in evidence under the money counts.

DEMURRER to declaration. The declaration contained a count on a promissory note for $1600 payable to P. Walrad, junior, or Robert Bowman, stated to have been made *for value received*. There was also a count for money lent, had and received, &c. To the first count the defendants demurred,

NEW-YORK, and to the second pleaded the general issue. The plaintiffs
May, 1830.  joined in demurrer.

Walrad
v
Petrie.

*D. Burwell,* for defendants, cited Chitty on Bills, 62 ; 2 Barn. & Ald. 417 ; 1 Archb. Civ. Pl. 61 ; 2 Saund. on Pl. 115 ; 3 Mod. 263 ; Ld. Raym. 1381,

*N. S. Benton,* for plaintiffs, cited 1 East, 501 ; 1 Wendell, 388 ; 5 Mass. R. 358 ; 7 id. 58.

*By the Court* MARCY, J. It is urged in support of the demurrer that this is not a promissory note within the statute, and that the count having been framed on it as such, is therefore bad. There is a contingency, it is said, as to the person to whom it is to be paid, and is not therefore within the statute. On the part of the plaintiff it is contended that the contingency is no greater than it would be if the word *and* was substituted for *or*, because had the note been payable to Walrad *and* Bowman, payment to either would have been a satisfaction of the note ; we are therefore asked to consider the word *or* of the same effect as the word *and*.

I should be inclinded to accord in the views of the plaintiff, if I were not reluctant to establish a different rule here from that which seems to prevail in England on this point. It is important to our commercial interests, considering the intercourse existing between this country and England, that the statutes which are alike in both countries as to negotiable paper, should receive the same construction and be applied in the same manner. The king's bench decided in the case of *Blanckenhagen* v. *Blundell,* (2 Barn. & Ald. 417,) that a note payable to one *or* other of two persons, is not a good promissory note within the statute. But if we defer to this opinion, the question raised by the demurrer is not thereby settled.

Assuming the note declared on not to be within the statute, still the count may be good. It purports on the face of it to be *for value received ;* that alone has been decided by this court to be a sufficient statement of a consideration in declaring on a note not within the statute. In *Jerome* v.

*Whitney*, (7 Johns. R. 321,) the declaration set out a note payable in neat cattle, and purported on its face to be made for value received. The plaintiff, however, went further; he averred a particular consideration, but on the trial did not prove it, and was nonsuited. The court say in that case, " Had the plaintiff declared on the note, stating it to have been for value received, and had not set forth a special and particular consideration, the production and proof of the note would have been sufficient to put the defendant upon his defence ; but having specified in what the value consisted, he was bound to prove the averment as laid." The court allowed the plaintiff in that case to strike out the particular averment, which it appears was considered the only obstacle to his recovery. By striking out that averment, the declaration became in form like the count in this case to which the demurrer is interposed. That case seems to me be a conclusive authorty in favor of the count demurred to.

Again, if a note not within the statute may be given in evidence under the common money counts, value received appearing on the face of it, there would be no good sense in excluding it as evidence in support of a count describing it correctly. This note is admissible in proof to sustain the money counts. (2 Johns. R. 235.   10 id. 418.)

Judgment for plaintiff.