SAMUEL ROTAN, The. See Case No. 11,226.

## Case No. 12,289.

SAMUELS et al. v. EVANS.

[1 McLean, 473.] [1]

Circuit Court, D. Illinois. June Term, 1839.

NOTES—PAYEES—CONSTRUCTION.

A note payable to A, B, C, or D, is payable to the promissees individually, and not to the three first jointly, or the fourth.

Mr. Cowles, for plaintiffs.
Mr. Logan, for defendant.

OPINION OF THE COURT. This is an action of assumpsit, brought on the following note: "Chicago, June 24th, 1836. Twelve months after date I promise to pay Jamison Samuels, H. N. Davis, Elias T. Langham or Durham Spaulding, five hundred dollars, for seven lots in Bellfontaine; value received. John Evans." The declaration stated that defendant made a certain note in writing, commonly called a "promissory note," bearing date the day and year aforesaid, and then and there delivered the said note to the plaintiffs and one Durham Spaulding, by which the defendant promised to pay the plaintiffs, by the name and description of Jamison Samuels, H. N. Davis and Elias T. Langham, or to Durham Spaulding, &c. And the breach alleged that the defendant had failed to pay to the plaintiffs or to Durham Spaulding, &c. The defendant filed a demurrer; and it is contended that the action should have been brought by all the promissees or by one of them; but the court overruled the demurrer and held that from the face of the declaration the action seems to be well brought. The demurrer being withdrawn, the general issue was filed and on the trial, an objection was .made to the note, when offered in evidence, on the ground that it varied from the declaration. On the part of the plaintiffs it is contended that the promise was made to the three plaintiffs or to Durham Spaulding in the alternative. and that the action may be brought in the name of either. If such be the construction of the instrument, it is well described in the declaration, and there is no variance. The promise is in the disjunctive, and if it be not to the plaintiffs or to Spaulding. as contended for by the counsel for the plaintiffs, it must be to the promissees individually. The grammatical construction of the note would interpose the disjunctive or, after each of the

[1] [Reported by Hon. John McLean, Circuit Justice.]

names of the promissees. The maker of the note promises to pay Jamison Samuels, H. N. Davis, Elias T. Langham or Durham Spaulding, that is, he promises to pay Jamison Samuels or H. N. Davis or Elias T. Langham or Durham Spaulding.

It is admitted that this is a question of intention rather than of grammatical arrangement; but there is nothing on the face of the note, which goes to show that the intention of the parties was different, from the grammatical import of the language used; and when this is the case, the court can give only that construction to the instrument, which the words used require. A promise to pay A, B, C, or D, is undoubtedly a promise to each individually, and not a joint promise to the three persons first named or the last. And this is the case under consideration. We think, therefore, that the note is not described in the declaration, either according to its tenor or legal effect. That the action must be brought in the name of some one of the promissees, and not in the names jointly of the plaintiffs.

A judgment of non-suit was entered.

[NOTE. Durham Spaulding subsequently brought an action in his own name. There was judgment for plaintiff. Case No. 13,216.]