Payne *v.* Couch.

---

PAYNE *v.* COUCH AND KINSMAN.

A note, payable in specific property, is admissible in evidence under the common or money counts.

ERROR, *to Washington District Court.*

*Hall* and *Everson*, for the plaintiff in error.

*C. Bates*, for the defendants.

Payne *v.* Couch.

*Opinion by* Wilson, J.   This was an action of assumpsit, brought upon the following instrument :

" $100.

Twelve months from date, we promise to pay J. G. Smith, or bearer, one hundred dollars, to be paid in horses or other good property, at cash prices, for value received.

Mt. Pleasant, Feb. 10, 1841.

(Signed.)   D. A. Couch.<br>O. O. Kinsman."

On the note is the following endorsement, viz : " I assign the within note to Jesse D. Payne.   J. G. Smith."

The declaration contains a special count setting out the note ; counts for money paid ; laid out and expended ; had and received ; and the account stated.   To this declaration a special demurrer was filed for the following causes :

1. The breach in said declaration does not state that said horses, or property, were not paid to the plaintiff's endorser.

2. The breach in said declaration assigned, is not coextensive with the plaintiff's undertaking.

3. The breach does not show but that said note was paid before the commencement of this cause.

4. It is stated in said declaration, that J. G. Smith to whom, or to whose order the payment was to be made, endorsed said note, when it is stated to have been made to bearer.

This demurrer was sustained, and judgment rendered by the court below in favor of the defendant in error for costs, and the sustaining of this demurrer, is the error relied upon.

It is contended by counsel for the plaintiff, that the note was admissible under the common counts in the declaration.   If so, then the defendant's objections to the declaration are answered.

The case of *Crandal* v. *Bradley,* 7 Wend., 311, (*a*) is directly in point.   In that case, suit was brought on a note, whereby the defendant for value received, promised to pay the plaintiff or bearer, $8,65, by the first day of April next, after the date of the note, in common stuff pine boards, delivered at Frog-street point, with interest.   The court held, that " on the

(*a*) *Waldrad* v. *Petrie,* 4 Wend., 575 ; *King* v *Wall,* Morris, 187.

authority of the cases of *Smith* v. *Smith*, 2 John., 235 ; and *Pierce* v. *Crafts*, 12 John., 90, that a note payable in specific articles is admissible in evidence under the money counts." We do not wish to go farther than other courts of high authority, in sustaining technical objections, particularly in suits upon promissory notes, in which case the statute requires the plaintiff to file with his declaration a copy of the note sued upon ; and where there is no reason to apprehend that the defendant will suffer injury from ignorance of the plaintiff's cause of action. The judgment of the court below is reversed, and the cause is remanded, with directions to proceed under the declaration.

                                        Judgment reversed.