ATIS OSGOOD & another *vs.* GEORGE W. PEARSONS.

A written promise to pay a certain sum of money to " A or B " is not a promissory note; but may be declared upon as a written instrument under *St.* 1852, *c.* 312, § 2, *cl.* 9, or given in evidence under a count for money had and received, in an action by A and B jointly.

ACTION OF CONTRACT, commenced on the 8th of September 1853, by Atis Osgood and William F. Osgood against George W. Pearsons. The declaration contained two counts; the first of which alleged that the defendant made the following promissory note payable to them, and owed them the amount thereof : " Dracut, August 16th 1853. Good to Atis Osgood or Wm. F. Osgood for one hundred and eighty one dollars and eighty eight cents, value received. George W. Pearsons." The second count alleged that the defendant owed the plaintiffs the sum of $181.88 for money had and received by the defendant to the plaintiffs' use; and that the contract above set forth was the particular contract for which they claimed to recover.

The defendant demurred to the declaration ; because the note declared upon was payable upon a contingency or uncertainty ; and because it was payable in the alternative to Atis Osgood or William F. Osgood, and no action could be maintained or judgment rendered upon said declaration. The court of common pleas overruled the demurrer, and the defendant appealed.

*A. R. Brown,* for the defendant.

*B. F. Butler,* for the plaintiffs.

THOMAS, J.    It is quite clear that an action cannot be main
tained on this instrument as a promissory note, under the *St.* of
3 & 4 Anne, *c.* 9, § 1.    *Blanckenhagen* v. *Blundell,* 2 B. & Ald.
417.    Byles on Bills, (Amer. ed.) 154.

It is equally plain that the instrument is good evidence of
debt.    There would seem to have been no difficulty, before our
practice act, in declaring upon it according to its legal effect,
treating the promise to pay either as a promise to pay both.    The
note might also have been offered in evidence under the money
counts.    The case of *Walrad* v. *Petrie,* 4 Wend. 575, is directly
in point.    See also *Jerome* v. *Whitney,* 7 Johns. 321.    Nor do
we perceive any difficulty in declaring upon it as a written in-
strument under the ninth clause of the *St.* of 1852, *c.* 312, § 2.

*Demurrer overruled.*