The defendant demurs to the complaint for not stating the necessary facts to constitute a cause of action. The first ground of demurrer alleged is, that no consideration is stated, to uphold the promise. But the instrument declared on purports to be for value received, and being set out in the complaint it is sufficient allegation of consideration. Such was held to be the rule of pleading under the old forms. (Jerome v. Whitney, 7John., 321; Walrad Bowman v. Petrie Gould, 4 Wend.,
575.) The third ground of demurrer is, that no delivery of the obligation is alleged. This objection is answered by the cases ofChurchill v. Gardner (7 Term R., 596), and Chitty onBills, 551, note 10, which hold that the averment of making this instrument is equivalent to averring a delivery. (Peets v.Bratt, 6 Barb., 660, where HAND, J., holds the same.) The fifth ground of demurrer is, that it is not alleged that either of the promisees were living on the first day of April, 1854. This is untrue in point of fact. The complaint says that Henry Caruthers died on the 30th of March, 1852, and that Elizabeth is living. It appears the complaint was verified July 6th, 1854, to which date the allegation must be deemed to relate. The seventh, and most of the subsequent grounds of demurrer are, that the complaint does not sufficiently set *Page 427 
forth a valid assignment and transfer of the obligation to the plaintiff. A liberal construction of the allegation that the plaintiff became the owner by purchase, might, perhaps, be construed as equivalent to an averment that the title was transferred to him by some one who had title. But if a strict rule is to be applied, as in common law pleading, then I am of opinion that this is a fatal defect, unless it is helped by the new rules of pleading prescribed by the one hundred and sixty-second section of the Code; and as this case affords the opportunity, and calls upon this court to settle the true construction of that section, I propose to call attention to it, and some other sections bearing upon the same subject. By section one hundred and forty-two, the complaint shall contain the title of the cause, names of parties, c., and "a plain and concise statement of the facts constituting a cause of action without unnecessary repetition," and the relief demanded, c. By section one hundred and forty-four, the defendant may demur to the complaint when it shall appear upon the face thereof that it does not state facts sufficient to constitute a cause of action. These general rules of pleading would require all the facts to be stated, which are necessary to be proved on the trial, to make out a prima facie cause of action. But then comes chapter fifth of the Code, which contains numerous provisions excepting certain actions from the general rules, and saying, in so many words, that certain allegations shall not be necessary. Section one hundred and fifty-eight dispenses with the necessity of setting forth the items of an account. Section one hundred and sixty-one dispenses with the necessity of stating facts giving jurisdiction to courts and officers, in pleading a judgment.
Sections one hundred and sixty-three, one hundred and sixty-four, one hundred and sixty-five and one hundred and sixty-six, contain similar dispensations, from conformity with the rule prescribed in section one hundred and forty-two. *Page 428 
Section one hundred and sixty-two, after dispensing with the necessity of stating facts showing the performance of conditions precedent in contracts, and substituting general averments of performances in lieu thereof, proceeds as follows: "In an action or defence, founded upon an instrument, for the payment of money only, it shall be sufficient for the party to give a copy of the instrument, and to state that there is due to him thereon from the adverse party a specified sum which he claims."
There are but two modes of reconciling this section with section one hundred and forty-two. The one is to subordinate it to section one hundred and forty-two, as has been attempted in some branches of the Supreme Court; and the other mode is, to hold the case provided for by section one hundred and sixty-two, to be an exception to the general rule of pleading prescribed by section one hundred and forty-two.
After much reflection, I am satisfied the latter mode of reconciling the two sections is the least objectionable, and most in accordance with the spirit of the Code, which calls not for a recondite, but for the most obvious meaning of its provisions. It will be observed that the other sections in this same fifth chapter, dispense with as important allegations and averments in pleadings, as this does. In those sections there can be no doubt what the legislature meant. Nor will this construction of the sections shock the legal notions of those who had the felicity to practice under the old system. Under that system a note in the hands of indorser, and a chattel note, could be given in evidence under a common money count, without a single reference to their contents in the declaration. (4 Wend., 575; 7 John., 321; 2id., 235; 10 id., 418.) So, under the Act of 1832, 489, § 3, plaintiff was allowed to declare upon the money counts alone, and to give a bill or note in evidence under it, in all cases where a copy of the bill or note had been served with the declaration. So far as pleadings are intended to *Page 429 
apprise the opposite party of the nature of the claim made against him, the one hundred and sixty-second section, construed in the mode I have indicated, is as beneficial as the old mode, and more so; because when the common money counts alone were used, no notice whatever was given that the real claim was on a note.
It will be noticed that this concise mode of pleading authorized by the last clause of section one hundred and sixty-two, is confined to written instruments for the payment of money only, and was probably intended to reëstablish the statutory practice of 1832; but not confining it to suits on bills of exchange and notes.
The section is express and imperative; it shall be sufficient to give a copy of the instrument, and to state that there is due thereon to the plaintiff from the adverse party a specified sum, which he claims.
A complaint thus worded implies that the plaintiff owns the instrument in some legal manner of deriving title; that the event has happened on which the payment depends, and the amount is expressly stated. The defendant, by a general denial of the indebtedness puts in issue every fact alleged, expressly or impliedly; and on the trial the plaintiff is bound to prove his case the same as though every fact necessary to maintain the action had been averred explicitly.
Every fact which is thus impliedly averred, may be traversed by the defendant in the same manner as if it were expressly averred. Such was the old rule and is applicable now. (Haight v.Holley, 3 Wend., 263; 11 East., 406.)
The cases included in section one hundred and sixty-two (last clause), will not embrace the case of mutual promises, where any stipulation is contained, other than for the payment of money on either side; nor to unilateral contracts of the same character. Thus limited, it will be confined almost exclusively to bills of exchange, promissory notes *Page 430 
and other written promises for the payment of money, without any other stipulation.
Another ground of demurrer is, that the obligation is not one that can be assigned; or rather that no others except the promisees can call for or need the money within its meaning.
Whatever may have been the intention of the parties, the instrument cannot be thus limited. One of the contingencies is, that it is payable if called for, which is the same in effect, as if it had said, "if demanded." This is the contingency which has happened. Such an obligation is assignable. No authority is cited by respondent's counsel to sustain the objection to its assignability, and I infer there are none.
The judgment should be reversed, the demurrer overruled, with leave to the defendant to plead, on the payment of costs in this court and in the courts below.