Dabney v. Reed.

---

### DABNEY v. REED.

1. ALLEGATION: PROMISSORY NOTE. In an action on a promissory note which is payable to the payee "or bearer" it is sufficient to allege that it is the property of the plaintiff, without showing whether it passed by delivery or assignment.

*Appeal from Linn District Court.*

MONDAY, OCTOBER 21.

PLAINTIFF declares upon a promissory note payable to one Warren or bearer. The claim of ownership in the note, after fully describing it, is stated in the petition thus : "That said promissory note is now the property of your petitioner, and that the amount thereof with interest is now due your petitioner thereon." To the petition there was a demurrer,

for the reason that it did not aver that the note was transferred by delivery or otherwise, but in this respect contains only a legal conclusion. The demurrer was sustained and plaintiff appeals.

*I. M. Preston* for the appellant.

*Hubbard & Stephens* for the appellee.

WRIGHT, J.—The form adopted by the pleader is that found in the Code of 1851. The question is, whether it is good since the repeal of that instrument and under our present system of practice.

There is nothing in the "Code of civil practice" which requires a party claiming upon a promissory note to state by direct allegation his title as assignee or holder. The petition is in all cases to contain "a statement in ordinary and concise language, without repetition, of the facts constituting the plaintiff's cause of action." [Rev. 1860, § 2875.] And where the note is payable to *bearer* an averment that it is the property of, and the amount claimed is due, the plaintiff is equivalent to a direct allegation of title and there need be no statement of whether it passed by delivery or assignment. A petition thus worded implies, in the language of a New York case, that plaintiff owns the note in some legal manner of deriving title. *Prindle* v. *Caruthers*, 15 N. Y. 425. And this is sufficient. To state more would be repetition on the part of the pleader and unnecessary. Swan's Pl. & Pr. 184–5–9 and notes.

Reversed.