CHARLES E. HUBBELL, AS RECEIVER OF THE SYRACUSE IRON WORKS, RESPONDENT, *v.* THE SYRACUSE IRON WORKS, GILES EVERSON AND OTHERS, APPELLANTS.

*Action by the receiver of a corporation to determine the validity of bonds claimed to be secured by a mortgage on its property — when it can be maintained.*

The plaintiff, who had been appointed the receiver of the Syracuse Iron Works, in an action brought for the sequestration of its property under section 1784 of the Code of Civil Procedure, brought this action in January, 1886, to determine which of the bonds which had been issued by the iron works were secured by a mortgage for $100,000 issued by it, and which bonds should be excluded from sharing in the proceeds arising from the foreclosure of the mortgage; what bonds should be adjudged to belong to Charles B. Everson, which were not held by him, and what, if any, should be adjudged to be surrendered up by the present holders, and for such other relief as should be incident thereto.

In November, 1884, the trustee, to whom the mortgage was given, had commenced an action to foreclose it. In February, 1885, one Giles Everson had commenced an action in his own behalf, and in behalf of all the other stockholders of the company, to compel the application of the bonds to the purposes of the trust. The validity of the mortgage was not disputed by the plaintiff, but some of the bonds, which are claimed to be secured thereby, are alleged to be invalid and to have been diverted from the purposes for which they were given, and to have been used to pay debts not existing when the mortgage was executed and delivered.

*Held*, that the plaintiff, as the receiver of the corporation, was entitled to bring and maintain the action.

*Whitney* v. *New York and Atlantic Railroad Company* (32 Hun, 173); *Supervisors of Saratoga County* v. *Deyoe* (77 N. Y., 219); *Same* v. *Seabury* (11 Abb. N. C. 461; *McHenry* v. *Hazard* (45 N. Y., 581).

APPEAL by the defendants Everson from an interlocutory judgment overruling a demurrer interposed to the complaint.

The plaintiff was appointed a receiver of the defendant, the Syracuse Iron Works estate, in an action for the sequestration of its property, brought at the suit of R. N. Gere under the provisions of section 1784 of the Code of Civil Procedure.

An order was made in that action directing the plaintiff to commence an action in equity to determine what bonds issued by the Syracuse Iron Works, claimed to be secured by a mortgage of $100,000, were secured by said mortgage, and what of said bonds should be excluded from sharing in the proceeds arising from the sale of the property covered by the mortgage, and what of the same not then held by Charles B. Everson should be adjudged to belong to him, and what, if any, should be adjudged to be surrendered up by the present holders thereof. This order was made June 14, 1885.

The iron works, in January, 1883, had made the $100,000 mortgage, and issued bonds to that amount to Alfred Wilkinson, Jr., in trust to pay the debts of the mortgagor to the amount thereof by delivering the bonds directly to the creditors, or selling the bonds and paying the avails to the creditors.

In November, 1884, the mortgagee commenced an action to foreclose the mortgage. Several creditors were made parties to such foreclosure action and have answered, and conflicting claims are made in that action as to what bonds are secured by the mortgage and entitled to be paid from the proceeds of the sale; one claim being that a large amount of the bonds were transferred

to the president of the iron works, and to the other officers thereof, after the iron works was insolvent, contrary to the statute, and are not valid or secured by the mortgage; that, to the extent of $59,000, they were issued in payment of illegal preferences, and are not valid or secured by the mortgage; and that others were issued to pay debts not existing at the time the mortgage was given, and are not, therefore, valid or secured by the mortgage; and many of the bonds so improperly and illegally issued, disposed of and delivered, are not valid and not secured by the mortgage, but what amount cannot be stated. About February, 1885, Giles Everson, a stockholder, for himself and others, commenced an action in this court against the iron works and others to compel the Robert Gere Bank, defendant therein, to surrender up $7,500 in amount of the bonds, and the Merchants' National Bank of Syracuse to surrender up in like manner $40,000 in amount of the bonds claimed to be held by them, respectively, and secured by the mortgage, but which the plaintiff in that action claimed did not belong to them and were not secured by the mortgage; and asking, also, that the assignee of " Wilkinson & Co." in like manner surrender up $9,500 in amount of the bonds, and the $36,000 of indebtedness of the iron works to John Crouse & Co., be first paid out of the proceeds of the sale of the mortgaged property. Answers have been interposed in such action and conflicting claims are interposed to the bonds in question.

*M. M. Waters,* for the appellants.

*H. A. Maynard,* for the respondent.

HARDIN, P. J. :

According to *Whitney* v. *New York and Atlantic Railroad Company* (32 Hun, 173), a receiver appointed of a corporation has " all the powers and authority conferred, and is subject to all the duties and liabilities imposed upon a receiver appointed (upon) the voluntary dissolution of a corporation." (Code of Civil Pro., § 1788.) Such a receiver is entitled to " the property real and personal, things in action, contracts and effects of the corporation so far as they were owned by it at the time of the appointment. In that case it was said that the receivership could not include that which was legally

included in a mortgage, but the creditor's receivership must be confined to the property not covered by the mortgage. But there was no question about the validity of the mortgage. Not so in the case before us. The extent of the mortgage is disputed, and some of the bonds secured by the mortgage are alleged to be invalid. To the extent that the mortgage and bonds are valid, the owners have the paramount right. ( *Whitney* v. *N. Y. and Atlantic R. R. Co.*, *supra*, 175.) Indeed, we do not understand the plaintiff to claim to the contrary, but he seeks to have it ascertained and determined to what extent ·the mortgage and bonds are valid and effectual as a lien upon the property that came to his· hands as receiver. The mortgage and bonds were executed to secure or pay debts. It is averred that some of the bonds have been diverted from that purpose and used to pay debts " not existing when said mortgage was made and delivered." It is averred that the mortgage was made " covering all and singular *the franchises*, rights, privileges and liabilities, corporate or otherwise, of and *belonging to said iron works* which then were, or at any time 'thereafter might be owned, held, possessed, used or enjoyed by it," and also all and singular its real estate," etc.

We find no averment that any of the mortgaged property has been sold. It is therefore inferable or presumable that all of it remains and was owned by the company when plaintiff was appointed receiver, and that he as such is interested in the proper application and distribution of it, and that he is interested to protect it from invalid liens for the benefit of his *cestui que trusts*.

It is alleged that the Eversons, who demur and appeal, claim with others to be " the owners and holders of the bonds of said iron works which they severally claim are secured by said mortgage." It seems to us that they are proper parties to this action, and that the plaintiff cannot have the validity of the mortgage, and the extent of the indebtedness which is valid, ascertained and determined without the presence of all the parties having the bonds issued under the mortgage. It is apparent that the plaintiff has alleged that the mortgagor owned some if not all of the mortgaged property when the receiver was appointed. Being a corporation it must be assumed, in the light of the averments of the complaint, that it owned its own " franchises and right, and property." The

receiver represents the corporation, its stockholders and creditors. (*Atty. Gen.* v. *Mut. Ins. Co.*, 77 N. Y., 275.)

Taking all the facts found in the complaint, it cannot be said that they do not warrant some relief in equity, and in such cases the complaint must be sustained. (*Brinkerhoff* v. *Brown*, 6 Johns. Ch., 139; *Prindle* v. *Caruthers*, 15 N. Y., 425; *Weeks* v. *Cornwall*, 39 Hun, 643.)

It is allowable to a receiver to have an action to set aside illegal transfers or incumbrances created by the officers or by the corporation, and it is proper to stay an action brought by a creditor to enforce such debts or liens as are invalid or illegal. (*Atty. Gen.* v. *Mut. Life Ins. Co.*, 77 N. Y., 272.)

We are of the opinion that the demurrer was properly overruled. Judgment and order affirmed, with costs, and leave given to appellants to answer in twenty days upon payment of the costs of the demurrer and of this appeal.

FOLLETT, J., concurred.

BOARDMAN, J.:

I concur, and would cite the following cases as in my judgment sustaining the decision: *Supervisors of Saratoga County* v. *Deyoe* (77 N. Y., 219); *Same* v. *Seabury* (11 Abb. N. C., 461); *McHenry* v. *Hazard* (45 N. Y., 581).

Interlocutory judgment and order affirmed, with costs, and leave given to appellants to answer in twenty days upon payment of costs of demurrer, and of this appeal.