## Levi Carr v. Thomas Bauer et al.

1. PROMISSORY NOTE—*Payable to Husband or Wife.*—An instrument in the form of a promissory note payable to a man or his wife, is evidence of a joint contract with both of the payees, and both are entitled to sue jointly thereon. In such an instrument "or" means "and."

**Assumpsit,** on an instrument in writing. Appeal from the Circuit Court of La Salle County: the Hon. CHARLES BLANCHARD, Judge, presiding. Heard in this court at the May term, 1895. Affirmed. Opinion filed December 10, 1895.

BUTTERS, CARR & GLEIM, attorneys for appellant, contended the instrument sued on was not a promissory note.

A promissory note must be certain as to amount, certain as to maker and payee, and payable at a time certain. Chambers on Notes, Bills and Checks, 8.

Story, in his work on Promissory Notes, Sec. 1, says: "A promissory note may be defined to be a written engagement by one person to pay another person therein named *absolutely* and *unconditionally*, a certain sum of money, at a time specified therein."

Chief Justice Abbot, in an English case, quoted in Daniel on Negotiable Instruments, Sec. 103, said: "An instrument payable to A or B is not negotiable; for, if a note is made payable to one or other of two persons, it is payable to either of them only on the contingency of its not having been paid to the other, and is not a good promissory note within the statute."

Story on Bills of Exchange, Sec. 54, says: "Every bill of exchange ought to specify to whom the same is payable. Indeed, it would be void upon the more general ground, applicable to all contracts, and that is, the utter uncertainty of the person with whom the contract is made, and to whom it is payable. It should also be stated in every bill to whom *absolutely and certainly* and *not alternately* the bill is to be paid, for, if it is payable to A or to B, it is not properly a bill of exchange, since it is payable to only one upon the

contingency that it is not paid to the other; the promise to pay, therefore, is conditional." 1 Randolph on Commercial Paper, Sec. 155.

Negotiable instruments must have, as payee, a certain definite person or corporation, capable of giving credit, and of being sued in an action at law. Nichols, Admr., v. Davis, 1 Bibb 490.

All negotiable instruments must be certain as to the parties by whom or to whom payment is to be made. Turner et al. v. P. & S. R. R. Co., 95 Ill. 134.

Suit upon a promissory note must be brought in the name of the party having the legal title thereto. Burnap v. Cook, 32 Ill. 168; Kyle v. Thompson, 2 Scam. 432; Newman v. Ravenscroft, 67 Ill. 496; Lockridge v. Nuckolls, 25 Ill. 178.

It is an inflexible rule that an action at law upon contract must be brought in the name of the person in whom the legal interest is vested. Larned v. Carpenter, for use, etc., 65 Ill. 543; Dix, for use, etc., v. The Mercantile Ins. Co., 22 Ill. 272.

If the instrument in question in this suit is not a note within the statue, then it is at best a simple contract, and not negotiable; then proof is required to show how it came to the hands of the plaintiffs. Walters v. Short, 5 Gil. 252.

When a written instrument does not show upon its face to whom it is payable, no action will lie upon it without proof of title in the person who brings the action. Breese 2, 155; Penniston v. Wall, Admr., 3 J. J. Marsh. 37; Brown v. Gilman, 13 Mass. 158; Douglass v. Wilkeson, 6 Wend. 643.

An instrument which read, " Good for one hundred and twenty dollars on demand, Gillman and Hoyt," was held not to import a promise to pay the holder without extraneous evidence. Brown v. Gilman, 13 Mass. 158.

Although no particular form is necessary to make a note, yet the writing must show an undertaking or engagement to pay, and to a person named in it, or to bearer or holder of the instrument. Smith v. Bridges, Breese 18.

No action can be maintained on an instrument in writing

for the payment of money unless the instrument shows on its face to whom it is payable. Mayo v. Chenoweth, Id. 200.

Bills of exchange and promissory notes should be made payable to some person specified, but this may be done without inserting the name, if the payee be so certainly specified or referred to, as to be ascertained by allegations and proofs. Adams et al. v. King et al., 16 Ill. 169.

E. S. BROWNE and TRAINOR, BROWNE & AYERS, attorneys for appellees, contended that, while in strict legal contemplation the instrument in case at bar may not be a promissory note, it is sufficient evidence of a joint contract to support an action by both of the payees named in said instrument. Westgate v. Healey, 4 R. I. 523; Willoughby v. Willoughby, 5 N. H. 244; Parker v. Carson, 64 N. C. 563; Knight v. Jones, 21 Mich. 161; Spaulding v. Evans, 2 McLean (U. S.) 139; 1 Randolph on Com. Paper, Sec. 155, and notes.

MR. JUSTICE HARKER DELIVERED THE OPINION OF THE COURT.

This suit was commenced before a justice of the peace upon an instrument in writing as follows:

"$70.                TROY GROVE, ILL., Dec. 8th, 1892.

One year after date we promise to pay to the order of Thos. Bauer or wife, seventy dollars, at Troy Grove, Ills., value received, with interest at six per cent per annum. If paid when due, interest to be deducted.

                              (Signed)   EDWARD MCLAUGHLIN.
                              (Signed)   LEVI CARR."

Upon appeal in the Circuit Court the plaintiffs introduced upon the trial the paper instrument and rested.

The defendant moved to exclude it and to instruct the jury to find for the defendant, for the reason that it was not a promissory note and did not establish a *prima facie* case. The court overruled the motion. The defendant introduced no evidence. The jury returned a verdict in favor of the plaintiffs for $79.23, the amount of principal and interest, and the court rendered judgment for that sum.

The sole contention of appellant is that the instrument sued on did not, by itself, make a *prima facie* case. In support of his position he cites the case of Musselman v. Oakes, 19 Ill. 81, and claims it is decisive. In that case the suit was upon an instrument purporting to be a promissory note, payable to Olive Fletcher or R. H. Oakes, in which Oakes alone sued. The Supreme Court held that as the instrument sued on was payable in the alternative to one of the two persons, it was not a promissory note and could not be sued on as such. The case is not " on all fours " with the one at bar. In that case only one of the persons named as payee sued. In this case both payees sue jointly.

We are of the opinion that an instrument of this kind is evidence of a joint contract with both of the payees, and that both are entitled to sue jointly thereon. The reasonable intendment is that the note was given to Bauer and his wife, and, as they have jointly asserted their right to sue, it is doing no violence to the intent of the instrument to hold that " or " means " and." We are supported in this view by Parker et al. v. Carson, 64 N. Car. 563; Knight v. Jones, 21 Mich. 161; Westgate v. Healy, 4 R. I. 523; Willoughby v. Willoughby, 5 N. H. 161. In Young et al. v. Ward, 21 Ill. 223, a case where the note sued on was made payable to a man or his wife, Judge Walker, in delivering the opinion of the court, said the suit could be maintained in the joint name of the payees.

We think the Circuit Court properly ruled and the judgment should be affirmed.