## COLLYER, ADMINISTRATRIX, *v.* COOK, ADMINISTRATOR.

[No. 3,505. Filed January 29, 1902.]

DESCENT AND DISTRIBUTION.—*Husband and Wife.—Bills and Notes.*— A vendor accepted in payment of real estate conveyed the notes of the purchaser payable to himself or wife, secured by mortgage executed to himself alone. The vendor died and his wife sur-

Collyer v. Cook.

vived him one day. At the time of the execution of the notes the vendor was solvent, but at the time of his death his assets exclusive of the notes were insufficient to pay his debts. *Held,* that the proceeds of the notes belonged to both jointly and that each estate is entitled to one-half thereof.

From Hancock Circuit Court; *C. G. Offutt,* Judge.

Action by Nancy J. Collyer, administratrix of the estate of Mary Caldwell, deceased, against Benjamin H. Cook, administrator of the estate of Wm. G. Caldwell, deceased, for the possession of certain notes claimed to be assets of the estate of plaintiff's decedent. From a judgment giving each estate one-half thereof, plaintiff appeals. *Affirmed.*

*E. Marsh* and *W. W. Cook,* for appellant.
*Earl Sample,* for appellee.

ROBINSON, P. J.—Suit by appellant for the possession of a mortgage and certain notes claimed to be assets of the estate of appellant's decedent and averred to be in appellee's possession. To a conclusion of law upon the facts specially found, appellant excepted. The facts are: William G. Caldwell and Mary Caldwell, husband and wife, died intestate, the former on September 2, 1899, and the latter on the following day. They had no children, and left neither father nor mother living, but left as their heirs a brother and sisters and descendants of deceased brothers and sisters. Appellee was appointed administrator of the husband's estate, and appellant administratrix of the widow's estate. William G. Caldwell had owned for many years a farm upon which he and his wife lived until 1895, when they joined in a deed conveying it to one Collyer. At the time of this conveyance, and at the instance of the husband, Collyer executed five promissory notes each for $500, due in one, two, three, four and five years from date and at the special instance and request of the husband these notes were made payable to "the order of William G. Caldwell or Mary Caldwell," and in 1895 he gave them in to the asses-

sor and they were assessed in the name of William G. and Mary Caldwell. To secure the notes Collyer executed a mortgage on the land to William G. Caldwell. Prior to the husband's death Collyer paid to him the first two notes. The remaining notes, being the unpaid balance of the purchase money for the land, and the mortgage, were kept by William G. Caldwell in the safe of Benjamin H. Cook, and were found by him as administrator among the papers of such decedent, and were inventoried and appraised as assets to be applied in the payment of William G. Caldwell's debts. When the notes were executed the husband had ample property, other than such notes, to pay all his indebtedness, but subsequently he became indebted, and at the time of his death he did not have sufficient property exclusive of the notes to pay his indebtedness. Before suit, appellant demanded possession of the notes as the property of the estate of Mary Caldwell. Upon these facts the court concluded as a matter of law that the notes and mortgage were owned and held by William G. Caldwell and Mary Caldwell jointly, and that each estate is entitled to the one-half thereof.

The notes in question were not personal chattels in possession. They were *choses in action*. That is, each payee would have had the right to receive or recover the money which the maker promised to pay. Had the maker paid the notes to either payee the debt would have been discharged according to the very terms of the contract. The promise was not to pay to both, not to one rather than the other, but it was to pay to one or the other. A judgment in favor of either would have been a bar to the other. The fact that either payee may at any particular time have had possession would not enlarge his rights nor diminish the rights of the other payee. And although the mortgage was executed to one payee alone, yet, as it was given to secure these particular notes, it could have been enforced as security in a suit by either payee. While either payee might have maintained

Collyer v. Cook.

an action on the notes, yet it is clear we think that both payees might have maintained a joint action.

Even if it is admitted that their negotiability as promissory notes was destroyed, yet an action could have been maintained and either of the promisees might have sued in his own name. *Spaulding* v. *Evans*, 2 McLean 139; *Samuels* v. *Evans*, 1 McLean 473; *Record* v. *Chisum*, 25 Texas 348; *Ellis* v. *Lemoor*, 1 Baily L. (S. C.) 13. In *Record* v. *Chisum, supra*, it is held that either might assign the instrument. But the contrary, and we think the better, doctrine is held in *Quinby* v. *Merritt*, 11 Humph. 438.

It has been held, however, that a note payable in the alternative, to either of two payees named, is not a promissory note because of its conditional character. *Walrad* v. *Petrie*, 4 Wend. 575; *Blanckenhagen* v. *Blundell*, 2 Barn. & Ald. 417; *Reed* v. *Reed*, 11 U. C. Q. B. 26; *Quinby* v. *Merritt*, 11 Humph. 438. See *Moodie* v. *Rowatt*, 14 U. C. Q. B. 273. Although an action might be maintained upon such a note as a written instrument, it must be a joint action by all the payees named, "and" being substituted for "or". *Willoughby* v. *Willoughby*, 5. N. H. 244; *Osgood* v. *Pearsons*, 70 Mass. 455.

But the rights of the payees, individually and jointly, during their lives, do not afford a complete solution to the question arising between the personal representatives of the payees where the rights of the creditors of one of the original payees are concerned. Had the husband during his lifetime, or the wife during her lifetime and after the husband's death, reduced to possession the proceeds of these choses in action a different question would be presented.

The statutory provision that all conveyances or devises of land to two or more persons shall create estates in common, and not in joint tenancy, unless it is expressed in or may be inferred from the instrument that they are to hold in joint tenancy and to the survivor of them, does not, by statutory exception, apply to conveyances made to husband and wife. §§3341, 3342, Burns 1901.

To the provision that the survivor of persons holding personal property in joint tenancy shall have the same rights only as the survivor of tenants in common unless otherwise expressed in the instrument, there is no statutory exception as to husband and wife.  §8136 Burns 1901. There being no exception as to husband and wife, the question presented is not controlled by the rules of the common law but by the statute.  See, *Johnson* v. *Johnson*, 128 Ind. 93.

The facts show that the consideration for these notes was real estate belonging to the husband, and that at his special instance they were made payable to himself or wife.  The presumption is that the object and intention of the husband was to benefit the wife.  To give proper effect to this intention, as neither payee had reduced to possession the proceeds of the notes, they should be construed as payable to both jointly, which would import, *prima facie*, a joint and co-equal interest in the payees.  Even during the lives of the payees, it could not have been said that either payee had any greater interest in the uncollected notes than the other.  But, considering the payees joint, the notes so executed would not import a gift of the whole proceeds to the wife.  Such a transaction might be construed to be a gift in case she survived him.  But it was in no sense a gift of the proceeds of the notes at the time they were executed.

Whether the notes are read as payable to both jointly, or to the two in the alternative, the husband had retained an interest.  Reading the notes as payable to the two in the alternative, what interest could he have given her at the time, and what did he retain?  He certainly, up to his death, retained some interest.  Had an execution issued against him during his life, what interest in the notes could the wife have claimed as against it?  The wife had an interest in the land sold, and her release of that interest would be a sufficient consideration to support the transaction as made.  No claim is made that the arrangement was entered into to de-

fraud creditors. At that time he owed no debts. He could have had the notes made payable to her alone. But it is clear his intention was that each should have an interest while both lived. And whatever interest he had at the time of his death was subject to the claims of his creditors. The equitable conclusion is that the proceeds of the notes belonged to both jointly.

And while it has been held that notes payable to husband and wife are choses in action which the surviving joint payee takes by survivorship, *Abshire* v. *State ex rel.*, 53 Ind. 64, unless the interest of creditors will be affected, *Fogleman* v. *Shively,* 4 Ind. App. 197, 51 Am. St. 213; *McMillan* v. *Mason,* 5 Coldw. 263, 98 Am. Dec. 401; *Johnson* v. *Lusk,* 6 Coldw. 113, 98 Am. Dec. 445; yet, it is unnecessary to enter upon a discussion of the doctrine of survivorship, for the reason that in the case at bar the surviving payee was the widow and sole heir of her joint payee. And, whether she took the notes as survivor, or as widow and sole heir, the rights of the husband's creditors would not be affected.

Judgment affirmed.