(81 Misc. Rep. 249.)

### PASSUT v. HEUBNER.

(Supreme Court, Appellate Term, First Department. June 24, 1913.) .

BILLS AND NOTES (§ 457*)—JOINT OBLIGATION.

A promissory note payable to two persons in the alternative creates a joint interest in the payees, so that either cannot, in the other's lifetime, sue thereon without joining the other obligee.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1381, 1421–1423; Dec. Dig. § 457.*]

Bijur, J., dissenting.

Appeal from City Court of New York, Special Term.

Action by Elizabeth Passut against Marion M. Heubner. From an interlocutory judgment sustaining the demurrer to the complaint, plaintiff appeals. Affirmed.

Argued June term, 1913, before SEABURY, PAGE, and BIJUR, JJ.

Bernard H. Sandler, of New York City (William J. Lewis, of New York City, on the brief), for appellant.

Richard E. Weldon, of New York City, for respondent. .

PAGE, J. Though there are a few authorities to the contrary (Samuels v. Evans, 1 McLean [U. S.] 473, Fed. Cas. No. 12,289; Spaulding v. Evans, 2 McLean [U. S.] 139, Fed. Cas. No. 13,216; Ellis v. McLemoor, 1 Bailey [S. C.] 13), the weight of authority in this country overwhelmingly supports the contention of the respondent that a promissory note payable to two persons in the alternative creates a joint interest in the payees, and either cannot in the lifetime of the

other sue thereon without joining the other joint obligee (Willoughby v. Willoughby, 5 N. H. 244; Osgood v. Pearsons, 70 Mass. [4 Gray] 455; Carr v. Bauer, 61 Ill. App. 504; Westgate v. Healy, 4 R. I. 523; Quinby v. Merritt, 11 Humph. [Tenn.] 440; Collyer v. Cook, 28 Ind. App. 272, 275, 62 N. E. 655).

The case of Stelling v. Grabowsky, 19 N. Y. Supp. 280,[1] relied upon by the appellant, is a case in which the other joint obligee was deceased. By reason of his right of survivorship the remaining obligee was entitled to sue upon the obligation alone, and also held that, no demurrer having been interposed to the complaint, the objection that the action could not be maintained by one of the joint obligees was waived and could not be taken by answer.

There seems to be no direct authority in this state, but upon principle and weight of authority in other jurisdictions I am of the opinion that the obligation is joint, and that the demurrer was properly sustained for defect of parties plaintiffs.

The interlocutory judgment should be affirmed, with costs.

SEABURY, J., concurs.

BIJUR, J. (dissenting). Plaintiff sues defendant on her promissory note, made to the order of plaintiff *or* another. The action upon a note in that form may be maintained by either of the payees without joining the other. See Stelling v. Grabowsky, 19 N. Y. Supp. 280.[1] Moreover, in Walrad v. Petrie, 4 Wend. 575, it has been held that a note in this form is not a negotiable instrument, because not payable absolutely, and that is based on the holding that the meaning of such a note is that it is payable to either payee on condition that it has not been paid to the other.

Defendant also claims that plaintiff fails to plead that "he is in possession and the lawful holder" of the note; but the complaint alleges that the other payee has no claim or interest adverse to the plaintiff, which, in a liberal construction of the pleading, is, I think, sufficient. Furthermore, as the note in this form is not a negotiable instrument (supra), no such allegation is necessary.

The judgment should be reversed, with costs, with leave to defendant to interpose an answer within six days.

[1] Reported in full in the New York Supplement; reported as a memorandum decision without opinion in 64 Hun, 639.