SWEENEY v. VAN SCHAICK.

(Supreme Court, Appellate Term, First Department. December 4, 1913.)

1. ALTERATION OF INSTRUMENTS (§ 29*)—ACTIONS ON DRAFT—SUFFICIENCY OF EVIDENCE.

Evidence in an action on a draft originally made payable to the order of a hotel company *held* to show that the words "pay to order of B. Hotel Co." had not been stricken from the draft when plaintiff cashed it.

[Ed. Note.—For other cases, see Alteration of Instruments, Cent. Dig. §§ 259–263; Dec. Dig. § 29.*]

2. BILLS AND NOTES (§ 457*)—ACTIONS—PARTIES.

In an action on a draft made payable to the order of a hotel company named "or" to plaintiff, and accepted by defendant, the hotel company should be made a party.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1381, 1421–1423; Dec. Dig. § 457.*]

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by George W. Sweeney against Eugene Van Schaick. From a judgment for plaintiff, defendant appeals. Reversed, and new trial granted.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Argued October term, 1913, before SEABURY, GUY, and BIJUR, JJ.

Van Schaick & Brice, of New York City, for appellant.

Frank J. Ryan, of New York City, for respondent.

BIJUR, J. On March 7th one Russell, desiring to borrow from the defendant $150, to be paid to the Bretton Hotel Company for a purpose named by Russell and agreeable to defendant, drew his draft to his own order for $150, payable two weeks after date, and the same was accepted by the defendant, who at that time indorsed on the draft, "Pay to order of Bretton Hotel Company," and Russell signed such indorsement.

[1, 2] On the following day Russell took the draft to plaintiff, to whom he owed $75, and plaintiff cashed the draft for $150, receiving out of the proceeds $50 on account of Russell's debt to plaintiff. At that time, in the presence of plaintiff, Russell wrote, under the words "to order of Bretton Hotel Company," "or to George W. Sweeney," the plaintiff. On the trial, the words "Pay to order of Bretton Hotel Company" were found to have been stricken out. The plaintiff testifies that he cannot say that they were stricken out at the time he cashed the draft, and the use of the conjunctive "or" in the phrase "or to George W. Sweeney" would certainly indicate that they had not then been stricken out. Therefore defendant's objection in his answer that the indorsee, Bretton Hotel Company, had not been joined either as plaintiff or defendant in the action, was good, on the authority of Passut v. Heubner, 81 Misc. Rep. 249, 142 N. Y. Supp. 546.

It is unnecessary to decide a further point raised by appellant, which is in substance that the change in the indorsement, if made to the knowledge of the plaintiff, at the time the draft was cashed (negotiated) by him, prevented his being a "holder in due course," and, consequently, made available as against him equities (namely, a claim of diversion of the draft) existing between the drawer and the defendant as acceptor.

Judgment reversed, and new trial granted, with costs to appellant to abide the event. All concur.